# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

```
JUAN JOHNSON,                     )
                                  )
        Plaintiff,                )
                                  )
        v.                        )   No. 05 C 1042
                                  )
REYNALDO GUEVARA and the          )
CITY OF CHICAGO,                  )
                                  )
        Defendants.               )
```

## **MEMORANDUM OPINION**

Before the court is defendants' motion for judgment on the pleadings on Count II of plaintiff's complaint.  For the reasons explained below, the motion is granted.

This is a § 1983 action in which plaintiff Juan Johnson alleges that he spent approximately twelve years in prison for a murder that he did not commit.  The facts as alleged in the complaint are as follows.  On September 9, 1989, about 200 to 250 people, including members of several different gangs, attended a birthday party at a Chicago nightclub.  Several fights, one of which resulted in the murder of Ricardo Fernandez, occurred inside and outside the nightclub.  The next day, plaintiff was arrested by defendant Reynaldo Guevara, who at the time was a detective in the Chicago Police Department.  Plaintiff was placed in a lineup, and two witnesses--Juan Michel and Edwin Gomez--identified plaintiff as

a participant in the murder. Plaintiff was tried, along with three other individuals, and convicted of Fernandez's murder. At the trial, Juan Michel identified plaintiff as one of the participants in the murder, and Edwin Gomez stated that he saw that Fernandez was hit by someone who "looked like" plaintiff.

On direct appeal, plaintiff's conviction was affirmed, but in post-conviction proceedings, the Illinois Appellate Court reversed the trial court's denial of plaintiff's post-conviction petition and remanded for a new trial. In February 2004, plaintiff and his three co-defendants were retried and acquitted. At the second trial, two individuals named Salvador Ortiz and Samuel Perez testified that Detective Guevara coerced them to falsely identify plaintiff as one of the participants in the murder.

Plaintiff alleges that Guevara wrongfully framed him and that Guevara "has a history of fabricated false identifications and then suppressing evidence of such misconduct" as well as a history of suspensions and complaints against him. (Compl. ¶ 20.) According to plaintiff, without the tainted identifications, there was not enough evidence to obtain a conviction. Plaintiff alleges that as a result of Guevara's misconduct, he "suffered greatly, including being imprisoned in Stateville, having his child grow up without him, and having his wife leave him" during his twelve years of imprisonment. (Compl. ¶ 21.)

Plaintiff filed this action against Guevara and the City of

Chicago (the "City") in early 2005. The complaint consists of seven counts. Plaintiff's federal claims are a § 1983 due process claim (Count I); a § 1983 false arrest claim (Count II); and a § 1983 Monell claim against the City of Chicago (Count III). Plaintiff also asserts state-law claims for malicious prosecution (Count IV); "outrageous infliction of emotional distress" (Count V); respondeat superior (Count VI); and indemnification (Count VII). Plaintiff seeks compensatory damages, punitive damages, costs, and attorney's fees.

Defendants now move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on Count II, plaintiff's false arrest claim. Defendants' motion is based on the recent decision in Wallace v. Kato, 127 S. Ct. 1091 (2007), in which the Supreme Court held that the statute of limitations for a § 1983 false arrest claim seeking damages, where the arrest is followed by criminal proceedings, begins to run at the time the plaintiff becomes detained pursuant to legal process. Because plaintiff Johnson became detained pursuant to legal process in September 1989, and the applicable statute of limitations is two years under Illinois law,[1] defendants contend that Count II is time-barred and should be dismissed.

Plaintiff argues that Wallace is not the end of the inquiry

---

[1] The statute of limitations in a § 1983 suit is that which the State provides for personal-injury torts. Wallace, 127 S. Ct. at 1094. Under Illinois law, this period is two years. See 735 ILCS 5/13-202.

and that two doctrines prevent the dismissal of Count II: the "discovery rule" and equitable estoppel. Plaintiff cites Rozny v. Marnul, 250 N.E.2d 656 (Ill. 1969), in support of his argument that the statute of limitations on his claim did not begin to run until the date of discovery. In Rozny, the Illinois Supreme Court first applied the discovery rule and held that the statute of limitations on a tortious misrepresentation claim for a faulty survey did not accrue until the plaintiffs knew or should have known of the surveyor's error. 250 N.E.2d at 665-66. In plaintiff's view, the statute of limitations on his false arrest claim did not begin to run until he became aware, immediately before the second trial, that Guevara had improperly influenced Samuel Perez.

Plaintiff's reliance on Rozny is misplaced in light of the discussion in Wallace, in which the Supreme Court stated that the accrual date of a § 1983 cause of action is a "question of federal law that is not resolved by reference to state law." 127 S. Ct. at 1095. The Court further stated that accrual occurs when the plaintiff has a complete and present cause of action, and that because damages for a false arrest claim cover the time of detention only up until initiation of legal process, the statute of limitations begins to run from the date legal process is initiated. Id. at 1096. The discovery rule simply has no applicability to false arrest claims. This makes perfect sense, because, as explained in Rolax v. Whitman, 175 F. Supp. 2d 720, 727 (D.N.J.

2001): "In cases of false arrest, the plaintiff will be aware both of his injury, i.e., the wrongful arrest, and those responsible for that injury, i.e., the police, at the time of arrest, therefore no delay in the accrual of the cause of action is necessary." See also Rose v. Bartle, 871 F.2d 331, 350-51 (3d Cir. 1989).

Plaintiff's assertion that Guevara should be "equitably estopped" from asserting the statute of limitations because Guevara allegedly "fail[ed] to disclose his own misconduct" and therefore prevented plaintiff from earlier discovering his cause of action, Resp. to Defs.' Mot. at 3, fares no better. The argument fails in part because it is tied to plaintiff's flawed discovery argument. The doctrine of equitable estoppel is limited to circumstances in which a defendant has engaged in conduct or has made representations directed to the very point of stopping or delaying another from bringing suit within the limitations period. See Smith v. City of Chicago Heights, 951 F.2d 834, 840 (7th Cir. 1992). Plaintiff does not contend that Guevara affirmatively acted to stop or delay him from filing suit, and, as explained supra, the discovery rule does not apply to false arrest claims because, once the arrest occurs, there is nothing more to "discover."

Defendants' motion for judgment on the pleadings on Count II of the complaint is granted.

A status hearing is set for September 26, 2007, at 10:30 a.m. to set the case for trial.

DATE:            September 5, 2007

ENTER:    _____
          John F. Grady, United States District Judge