IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JUAN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 05 C 1042 |
| ) | |
| REYNALDO GUEVARA, and the CITY ) | Judge Grady |
| OF CHICAGO, ) | Magistrate Judge Mason |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION *IN LIMINE* NO. 1

## MOTION TO BAR PLAINTIFF'S POLICE PROCEDURES EXPERT JOSEPH STINE

Defendants City of Chicago and Reynaldo Guevara, by and through their attorneys, James G. Sotos and Christina S. White of James G. Sotos & Associates, Ltd., move this Honorable Court, *in limine,* to exclude the testimony of Plaintiff's police procedures expert Joseph Stine and in support thereof state:

### INTRODUCTION

Plaintiff's police procedures expert Joseph Stine has offered five opinions in this case, all of which conclude that Defendant Guevara did not act in compliance with generally accepted police practices and procedures for conducting photo identifications, physical lineups, and homicide investigations. (Stine Expert Report, Exhibit A.)

This Court should bar Stine from testifying at trial, primarily because his proposed opinions will not assist the trier of fact as required by FED. R. EVID. 702 and *Daubert v. Merrrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). This is especially true of his first opinion that if Guevara deliberately framed Plaintiff, he violated police procedures: Stine admits such a conclusion is "common-sense." Stine's other four opinions are similarly barred, either by FED.

R. EVID.702 (as irrelevant, unhelpful or unreliable), FED. R. EVID.403 (as unduly prejudicial and misleading) or 404(b) (as offered to show action in conformity therewith).

## ARGUMENT

In *Daubert*, the Supreme Court established the approach a district court must take in determining the admissibility of expert scientific testimony under FED. R. EVID.702. The text of FED. R. EVID.702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Focusing on the language of FED. R. EVID.702, the Supreme Court concluded that when faced with a proffer of expert scientific testimony, a district court must determine "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592. The Seventh Circuit has interpreted Daubert as requiring a district court to conduct a two-step analysis when a party proffers expert scientific testimony:

> First, when faced with a proffer of expert scientific testimony, the district court must "consider whether the testimony has been subjected to the scientific method; it must rule out 'subjective belief or unsupported speculation.' ". . . This step requires that the district court determine "whether the reasoning or methodology underlying the testimony is scientifically valid. . . . Second, the district court must "determine whether the evidence or testimony assists the trier of fact in understanding the evidence or in determining a fact in issue." . . . This second step requires that the district court consider whether the proposed scientific testimony fits the issue to which the expert is testifying . . . In other words, a district court may admit expert testimony *only* if such testimony will assist the trier of fact to understand the evidence or to determine a fact in issue.

2

United States v. Hall, 165 F.3d 1095, 1101-02 (7th Cir. 1999) (internal citations omitted; emphasis in original.) In this case, Defendants move to bar Stine's testimony because each of his five opinions do not meet the requirements of one or both prongs of the *Daubert* test.

## 1. Stine's First Opinion Will Not Assist the Trier of Fact

Stine's first opinion is that "if Reynaldo Guevara acted in the manner alleged by Samuel Perez and Salvadore Oritz, he was not in compliance with generally accepted police practices and procedures for professional police officers conducting a lineup." (Exhibit A at 6.) Stine's summary of the actions alleged by Perez and Ortiz essentially repeat the allegations of Plaintiff's Amended Complaint: that Plaintiff was deliberately framed through Guevara's blatant manipulation of eyewitnesses, including threatening witnesses to falsely identify Plaintiff; showing Plaintiff's photograph to witnesses prior to formal identification procedures; telling witnesses to select Plaintiff's picture from mugbooks; and telling witnesses where Plaintiff would sit in a physical lineup. (Exhibit A at 5,6; *see also* Docket Number 77, Amd. Cmpl at ¶¶ 16-18, 26-27.)

Such egregious conduct – if a jury believes it occurred – is so plainly improper that a jury would not need (and would not be assisted by) scientific, technical, or other specialized knowledge in order to understand it. Stine himself admits that jurors' common sense would allow them to understand that the kind of conduct Plaintiff alleges Guevara used to frame him would constitute improper police procedure:

> Q: So you would agree then, going back to the bright line situation, definitely an officer shouldn't say, "That's the guy. You have to pick him out"? We all agree that's improper procedure, and common sense dictates that, correct?

3

    A. That's correct.

(Stine Deposition, Exhibit B, at 178.)[1]

  Under these circumstances, Stine's testimony is unnecessary to assist the trier of fact to understand the evidence or to determine a fact in issue, and should therefore be barred under FED. R. EVID.702. *See, e.g.*, *Pena v. Leombruni*, 200 F.3d 1031, 1034-35 (7th Cir. 1999) (affirming exclusion of police expert's testimony where plaintiff's actions were "unambiguously dangerous," "the jury needed no help in deciding whether [plaintiff] was acting reasonably," and plaintiff was "unable to explain how an expert witness could have helped the jury decide the straightforward question . . ."); *McCloughan v. City of Springfield*, 208 F.R.D. 236, 239-40 (C.D. Ill. 2002) (excluding portions of police procedures expert's proffered testimony because "the Court does not believe a jury needs an expert witness to tell them that it is improper – under proper police procedure or even common decency – to kick someone in the head when he is being restrained on the ground").

## II. Stine's Second Opinion Is Unreliable and Will Not Assist the Trier of Fact

  Stine's second opinion is that "if Officer Guevara and Det. O'Donnell conducted the photo and in-person lineups in the manner they state they conducted them they would not have

---

[1] *See also* Exhibit B at 119-20 (Stine agrees that pointing to a person and telling a witness who didn't see anything to say 'this is the person who did it' would be a "bright line" example of something a police officer cannot do); *id.* at 141 (Stine agrees that any threats or intimidation by Guevara would "obviously" not be in compliance with generally accepted standards); *id.* at 151-52 (if an officer told a witness 'this is the guy you have to pick out, and he's going to be in the lineup, and you have to pick him out of the lineup, and this is where he's going to be standing in the lineup,' Stine agrees "it would be common sense that that's improper police procedure"); *id.* at 202-03 (it would be "pretty much common sense" that it is improper police procedure for police to tell a witness to pick a person out of a lineup).

4

been in compliance with generally accepted police practices and procedures for professional police officers." (Exhibit A at 7.) That opinion, however is neither helpful or reliable and should be barred.

Plaintiff bears the burden of showing his expert's testimony is relevant and reliable. *Bradley v. Brown*, 852 F. Supp. 690, 698 (N.D. Ind. 1994), *aff'd* 42 F.3d 434 (7th Cir. 1994). Stine's opinion satisfies neither this burden nor the first prong of *Daubert*, because its underlying reasoning is based only on subjective belief. Throughout his deposition, Stine admitted he was unaware of any written policies and procedures which Guevara violated; instead, he based his opinion only on "what he knows." *See, e.g.*, Exhibit B at 158 (Q: "My question is, are there any written policies or practices or written policies or procedures that say you can't have witnesses in the same room together, that you absolutely can't?" A: "I don't have any, but I know that's what the state of the art in police work was . . ."); *id.* at 161 ("We all know this and how it's supposed to be done if you want it to be done right"); *id.* at 167 (Stine unable to point to any specific written policies or procedures to support his opinion); *id.* at 173-74 (same); *id.* at 179-81 (Stine based his opinions on his understanding of "commonly held practices and procedures" that he knew about by talking to "lots and lots of people about doing these kinds of things").

Such unsupported, subjective opinions should be barred. As summarized in *White v. Geradot*, No. 05 C 382 2008 WL 4372019, at *4 (N.D. Ind. Sept. 23, 2008) in barring inappropriate testimony of a police procedures expert:

> "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Electric v. Joiner*, 522 U.S. 136, 146 (1997). Stated another way, an expert "who invokes 'my expertise' rather than analytic strategies widely used by specialists is not an expert as Rule 702

5

> defines that term." *Zenith Elec. Corporation v. WH-T Broad Corp.*, 395 F.3d 416, 419 (7th Cir. 2005). Indeed, the Seventh Circuit has consistently held that "[a]n expert who supplies nothing but a bottom line supplies nothing of value to the judicial process." *Zenith Elec. Corp.*, 395 F.3d at 419-20 (collecting cases).

Here, Stine has not supported his second opinion with written standards against which it can be measured to determine "whether the reasoning or methodology underlying the testimony is scientifically valid"; instead, his opinion constitutes only unreliable "subjective belief." (*Hall, supra*, 165 F.3d at 1101-02.)[2]

Even if Stine's second opinion was reliable, however, it does not meet the second prong of FED. R. EVID.702 because it would not help the trier of fact understand any issue in the case. Plaintiff's only legally-operative claim is that Guevara framed him by the egregious actions described in the Amended Complaint. Plaintiff has not pleaded that Guevara failed to follow "best practices" or violated any "generally accepted standards" through such actions as failing to give proper instructions to witnesses viewing photographs, not having separated witnesses, or not using "blind" administration and sequential lineups. Nor would any such allegations implicate Guevara in a constitutional violation: "Rather, a constitutional claim for damages arises in the identification context only if the officer conceals information tending to undercut the identification from prosecutors or the defense." (*Manning v. Buchan*, 357 F. Supp. 2d 1036, 1043 (N.D. Ill. 2004), citing *Newsome v. McCabe*, 256 F.3d 747, 749 (7th Cir. 2003.))

---

[2] Furthermore, Stine's supposed "knowledge" is demonstrably wrong. For instance, he stated that it would have violated "commonly accepted practices and procedures" in 1989 to have an officer in the room who knew who the suspect was in the lineup. (Exhibit B at 167.) And yet Plaintiff's other expert, Dr. Fulero, was one of the authors of an 1998 article entitled "Eyewitness Identification Procedures: Recommendations for Lineups and Photospreads" in which it is stated: "Common practice at this time [1998] is for the detective involved closely in the case, who knows which lineup member is the suspect, to administer the lineup." (Exhibit C at 21.)

6

Nonetheless, these sorts of procedures are the bases of Stine's second opinion (Exhibit A at 8-12), but they (and the opinion) are irrelevant to the issues raised in Plaintiff's Complaint and should therefore be barred.

### III. Stine's Third Opinion Violates FED. R. EVID.702, 404(b) and 403

Stine's third opinion is that if the actions attributed to Guevara by Plaintiff's "404(b) witnesses" (Davilla, J. Sanchez, E. Sanchez, Rivera, Ortiz-Brody, Saez and Muniz) are believed, they would not be in compliance with generally accepted police practices and procedures. (Exhibit A at 12.) This opinion has the same FED. R. EVID. 702 problems as Stine's first and second opinions – it will not assist the trier of fact either because it states a common sense proposition the jury can understand without an expert, or because it is unreliable and irrelevant to the issues raised in Plaintiff's Complaint.

Furthermore, Stine's third opinion also violates FED. R. EVID. 404(b), which states: "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." But that is precisely what Stine admits he intends by this opinion; as he stated in his deposition:

> The information about previous incidents where Detective Guevara is alleged to have used these tactics in other investigations merely gave more credence to the – to what people were saying happened in this investigation since people were describing the same kinds of behavior. People who didn't seem to have any relationship to each other were describing the same types of behaviors in investigations that were separated by years that then they – so then it seemed more likely that what was being alleged against Detective Guevara had taken place.

7

(Exhibit B at 117-18.) This candid admission provides support not only for barring *Stine's* proffered testimony, but also for barring the proffered "404(b) witnesses" themselves.[3]

Additionally, Stine's third opinion is also barred by FED. R. EVID. 403. Such an opinion would cause substantial prejudice far outweighing whatever minimal probative value it might have, since it ultimately goes to credibility and other issues that are solely within the province of the jury. *See Thompson v. City of Chicago*, 472 F.3d 444, 457-58 (7th Cir. 2006); *White v. Gerardot*, 2008 WL 4372019 at * 6, 7; *United States v. Libby*, 461 F. Supp. 2d 3, 18 (D.D.C. 2006).

## IV. Stine's Fourth Opinion is Irrelevant Under Rule 702

Stine's fourth opinion is that "the investigation that led to the arrest and conviction of Juan Johnson was not in compliance with generally accepted police practices and procedures." (Exhibit A at 13.) However, Stine admits that Guevara's role in the investigation "was assisting Detective O'Donnell (Exhibit B at 212); that Guevara was a gang crimes specialist and not a detective (*id.* at 220); and that the lead detective "has the responsibility for everything that's done." (*Id.* at 221-22.) And more importantly, nowhere in the Amended Complaint does Plaintiff make any factual or legal claims concerning the failure to conduct an investigation that complied with generally accepted police practices and procedures.[4]

---

[3] *See* Defendants' Motion to Bar Plaintiff's 404(b) witnesses, filed October 29, 2008, Docket No. 133.

[4] "Federal courts in the Seventh Circuit have not recognized an allegation of inadequate police investigatory work as a civil rights claim in the absence of another recognized constitutional right." *Jacobson v. National Railroad Passenger Corp.*, No. 97 C 6012 1999 WL 1101299 at *10 (N.D. Ill., Nov. 29, 1999); *see also Gomez v. Whitney*, 757 F.2d 1005, 1006 (7th Cir. 1985) (holding that there is no right to have a full and fair police investigation); *David v. Village of Oak Lawn*, 954 F.Supp. 1241, 1245-46 (N.D. Ill.1996) (holding plaintiff did not have a constitutional right to have his complaints investigated); *Washington v. Godinez*, No. 95 C 7612 1996 WL 599055 at *3 (N.D. Ill. Oct. 17, 1996)

8

Thus, Stine's fourth opinion about the investigation is simply irrelevant and should be barred because it does not meet FED. R. EVID 702's requirement that it assist the trier of fact "to determine a fact in issue." *See White v. Gerardot*, 2008 WL 4372019 at *8 (excluding police procedure expert's opinions about post-incident investigation).

## V.     Stine's Fifth Opinion Fails Both Prongs of Rule 702

In his "Concluding Opinion," Stine opines that "Guevara never indicated the practices that have been attributed to him by the witnesses in this case" and that "the failure of Reynaldo Guevara to document these actions in his official police reports was an attempt to hide the highly suggestive practices that the [sic] lead to the these unreliable identifications." (Exhibit A at 16.)

Like Stine's first opinion, this opinion does not assist the trier of fact because scientific, technical, or other specialized knowledge is not needed to understand the evidence. It is undisputed that the police reports do not "indicate the practices that have been attributed to [Guevara] by the witnesses in this case." Defendants' position is that the reports contain no such information because no such practices occurred, not because such practices were being hidden. No matter who the jury believes, the jurors do not require an expert to tell them whether the reports are silent as to Guevara's alleged conduct because the conduct never occurred or because Guevara was concealing it.

Importantly, Stine's report offers absolutely no opinion (nor any evidence or data upon which to base such an opinion) concerning the actual information that was contained in the

---

(no constitutional right to an investigation of police misconduct unless another recognized constitutional right is implicated); *Slagel v. Shell Oil Refinery*, 811 F.Supp. 378, 382 (C.D. Ill. 1993), *aff'd* 23 F.3d 410 (7th Cir. 1994) (police officer has no federal, constitutional mandate to conduct an investigation into the plaintiff's assault charge).

9

police reports written in this case. To the contrary, in his deposition Stine agreed that the police officers did what they were supposed to do when they wrote in their reports about the manner in which the lineups were conducted, and that witnesses had first viewed photographs which were followed with a physical lineup. (Exhibit B at 169-70.) Stine has therefore provided no basis consistent with FED. R. EVID 702 to offer any opinion concerning the police reports in this case.

## CONCLUSION

Based on the law, the facts, and his own admissions, Stine's proposed expert testimony should be barred. If the jury believes Guevara framed Plaintiff in the egregious manner alleged and did not reflect that in his police reports, then Stine's first and fifth expert opinions are obviated by the jurors' common sense. And if the jury believes Defendants, those opinions are irrelevant. And in either event, Stine's second, third and fourth expert opinions should be barred for the reasons stated above.

WHEREFORE, Defendants respectfully request this Honorable Court issue an order excluding the testimony of Plaintiff's proffered expert witness Joseph Stine pursuant to FED. R. EVID 702 and *Daubert v. Merrrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Dated: April 17, 2009               s/**Christina S. White**
                                    One of the Attorneys for Defendants City of
                                    Chicago and Reynaldo Guevara

JAMES G. SOTOS
ELIZABETH A. EKL
SARA M. CLIFFE
CHRISTINA S. WHITE
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL 60143-3156
(630) 735-3300
(630) 773-0980 (fax)
Attorney No. 06288703
cwhite@jsotoslaw.com

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, under penalties of perjury pursuant to 28 U.S.C.A. § 1746, that she electronically filed a complete copy of the foregoing **Defendants' Motion *In Limine* to Bar Plaintiff's Police Procedures Expert Joseph Stine** with the Clerk of the Court on **April 17, 2009** using the CM/ECF system, which will send notification of such filing to the following counsel of record:
See Attached Service List.

              s/**Christina S. White**
              One of the Attorneys for Defendants City of
              Chicago and Reynaldo Guevara

JAMES G. SOTOS
ELIZABETH A. EKL
CHRISTINA S. WHITE
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL 60143-3156
(630) 735-3300
(630) 773-0980 (fax)
Attorney No. 06288703
cwhite@jsotoslaw.com

12

**SERVICE LIST**
*Johnson v. Guevara, et al.,* 05 C 1042

**Counsel for Plaintiff Juan Johnson:**
Jon I. Loevy
Arthur R. Loevy
Elizabeth N. Mazur
Russell R Ainsworth
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, Illinois 60607
(312) 243-5900
Email: jon@loevy.com
      loevy@loevylaw.com
      elizabethm@loevy.com
      russell@loevy.com

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 West Jackson Boulevard
Suite 950
Chicago, IL 60604
(312) 362-0000
Email: tgardiner@gkw-law.com

Amanda C Antholt
SMITH, JOHNSON & ANTHOLT LLC
112 S. Sangamon Street, Suite 3F
3rd Floor
Chicago, IL 60607
(312) 432-0400
Email: amanda@lawsja.com

Daniel J. Stohr
222 North LaSalle Street
Suite 200
Chicago, IL 60601
(312) 726-1180
Email: djs7@sbcglobal.net

**Counsel for Defendant Reynaldo Guevara:**
Arlene Esther Martin
Geri Lynn Yanow
Joseph M. Polick
Kathryn M. Doi
CITY OF CHICAGO, DEPARTMENT OF LAW
30 North LaSalle Street
Suite 1400
Chicago, IL 60602
(312) 744-6949
Fax: 312.744.6566
Email: amartin@cityofchicago.org
      glyanow@cityofchicago.org
      jpolick@cityofchicago.org
      kdoi@cityofchicago.org

**Counsel for City of Chicago:**
Mara Stacy Georges
J Ernest Mincy, III
Diane S. Cohen
CITY OF CHICAGO, DEPARTMENT OF LAW
30 North LaSalle Street
Suite 900
Chicago, IL 60602
(312) 744-9010
Email: mgeorges@cityofchicago.org
      emincy@cityofchicago.org
      dcohen@cityofchicago.org