IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JUAN JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 05 C 1042 |
| REYNALDO GUEVARA, and the CITY OF CHICAGO, | ) Judge Grady ) Magistrate Judge Mason |
| Defendants. | ) ) |

## DEFENDANTS' MOTION *IN LIMINE* NO. 3

## DEFENDANTS' MOTION *IN LIMINE* TO BAR ANY REFERENCE TO THE CITY OF CHICAGO AS A "DEFENDANT"

Defendants City of Chicago and Reynaldo Guevara, by and through their attorneys, James G. Sotos and Elizabeth A. Ekl of James G. Sotos & Associates, Ltd., move this Honorable Court, *in limine,* to bar Plaintiff from making any reference to the City of Chicago as being a "defendant" in the trial of this case. In support thereof Defendants state the following:

The only purpose in referencing the City of Chicago as a defendant during the trial is to suggest that the City is a "deep pocket" that will indemnify Defendant Guevara and pay for any judgment in this case. Providing the jury with such an inference would be highly prejudicial because it might cause the jury to award money to the plaintiff regardless of the facts. Additionally, if the jury believes the City is a defendant, it may try to improperly "send a message" to the City via Defendant Guevara, and contrary to Defendant Guevara's own alleged liability or the actual facts of the case. Any reference to the City as a "defendant" should be barred pursuant to FED. R. EVID. 401, 402 and 403.

In this trial, the only operative claims against the City are the Illinois state law claims in Count VI ("Respondeat Superior") and Count VII ("Indemnification").[1] Both of those claims premise the City's liability solely on the basis that Defendant Guevara was employed by the City and acting within the scope of his employment at the relevant times. The City has admitted that Defendant Guevara was an employee of the Chicago Police Department who acted within the scope of his employment at all relevant times and that the City is liable for compensatory damages awarded as a result of the alleged acts of Defendant Guevara. (*See* City of Chicago's Answer to Amended Complaint, Dkt. # 110, at ¶¶25, 54, 55, 58.) The City has also pleaded Affirmative Defenses that if Defendant Guevara is found not liable, then the City is not liable. (*Id.*, Aff. Def. 1-3.) Thus, the only relevant defendant in this trial is Defendant Guevara – the City's liability is completely derivative of, and depends entirely upon, whether the jury finds Guevara liable for compensatory damages. Allowing the jury to make that determination while possibly influenced by the fact they know the City is a defendant would introduce evidence that is either entirely irrelevant (and thus barred by FED. R. EVID. 401 and 402), or at most is evidence with minimal relevance and no probative value which is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury (and barred by FED. R. EVID. 403).

Similarly, reference to the City as a "defendant" should also be barred by FED. R. EVID. 411, which deems evidence that a person was insured against liability inadmissible. Plaintiff should not be permitted to argue or introduce evidence directly or indirectly that Defendant

---

[1] Plaintiff's Count III <u>Monell</u> claim has been bifurcated and is not at issue in this trial. <u>See</u> Dkt #113.

2

Guevara may be indemnified by the City for any judgment of compensatory damages entered against him. Whether the City provides indemnity is irrelevant to the issue of whether Defendant Guevara is liable for any acts which may have caused injury to the Plaintiff, and presents the very real danger of unfair prejudice. As the Seventh Circuit noted in *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998): "In the general case, courts exclude evidence of indemnification out of a fear that it will encourage a jury to inflate its damages award because it knows the government – not the individual defendants – is footing the bill." Thus, any reference to the City as a "defendant" would be tantamount to a reference to indemnification, which is akin to the reference to insurance precluded by FED. R. EVID. 411. *See Kemezy v. Peters*, 79 F.3d 33, 37 (7th Cir. 1996) ("when the defendant is to be fully indemnified, such evidence, far from being required, is inadmissible"); *Walker v. Saenz*, 1992 WL 317188, *3 (N.D.Ill. Oct. 27, 1992); *Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994) (holding that instructions to jury on indemnification in § 1983 action required new trial); *Green v. Baron*, 879 F.2d 305, 310 (8th Cir. 1989) (stating that instructions concerning indemnification are extremely prejudicial); *Griffin v. Hilke*, 804 F.2d 1052, 1057 (8th Cir. 1986) (declaring indemnification instructions to constitute reversible error).

Accordingly, Plaintiff should be precluded from adducing or implying that Defendant Guevara may be indemnified or reimbursed by the City for any judgment of compensatory damages and should be barred from making any reference to the City of Chicago as being a "defendant" in the trial of this case.

WHEREFORE, Defendants respectfully request this Honorable Court enter an Order *in limine* consistent with the relief sought by this Motion.

Dated: April 17, 2009      by:    **/s Elizabeth A. Ekl**
      ELIZABETH A. EKL, Attorney No. 06242840
      One of the Attorneys for Defendants City of
      Chicago and Reynaldo Guevara

JAMES G. SOTOS
ELIZABETH A. EKL
SARA M. CLIFFE
CHRISTINA S. WHITE
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL 60143-3156
(630) 735-3300
(630) 773-0980 (fax)

## CERTIFICATE OF SERVICE

I hereby certify, under penalties of perjury pursuant to 28 U.S.C.A. § 1746, that on **April 17, 2009,** I electronically filed the foregoing **Defendants' Motion *in Limine* to Bar Any Reference to The City of Chicago as a "Defendant"** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record: See Attached Service List.

RESPECTFULLY SUBMITTED,

**/s Elizabeth A. Ekl**
ELIZABETH A. EKL
One of the Attorneys for Defendants City of Chicago and Reynaldo Guevara

JAMES G. SOTOS
ELIZABETH A. EKL
SARA M. CLIFFE
CHRISTINA S. WHITE
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL 60143-3156
(630) 735-3300
(630) 773-0980 (fax)
Attorney No. 06242840
eekl@jsotoslaw.com

## SERVICE LIST
*Johnson v. Guevara, et al.*, 05 C 1042

***Counsel for Plaintiff Juan Johnson:***

Jon I. Loevy
Arthur R. Loevy
Elizabeth N. Mazur
Russell R Ainsworth
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, Illinois 60607
(312) 243-5900
Email: jon@loevy.com
loevy@loevylaw.com
elizabethm@loevy.com
russell@loevy.com

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 West Jackson Boulevard
Suite 950
Chicago, IL 60604
(312) 362-0000
Email: tgardiner@gkw-law.com

Amanda C Antholt
SMITH, JOHNSON & ANTHOLT LLC
112 S. Sangamon Street, Suite 3F
3rd Floor
Chicago, IL 60607
(312) 432-0400
Email: amanda@lawsja.com

Daniel J. Stohr
222 North LaSalle Street
Suite 200
Chicago, IL 60601
(312) 726-1180
Email: djs7@sbcglobal.net

***Counsel for Defendant Reynaldo Guevara:***

Arlene Esther Martin
Geri Lynn Yanow
Joseph M. Polick
Kathryn M. Doi
CITY OF CHICAGO, DEPARTMENT OF LAW
30 North LaSalle Street
Suite 1400
Chicago, IL 60602
(312) 744-6949
Fax: 312.744.6566
Email: amartin@cityofchicago.org
glyanow@cityofchicago.org
jpolick@cityofchicago.org
kdoi@cityofchicago.org

***Counsel for City of Chicago:***

Mara Stacy Georges
J Ernest Mincy, III
Diane S. Cohen
CITY OF CHICAGO, DEPARTMENT OF LAW
30 North LaSalle Street
Suite 900
Chicago, IL 60602
(312) 744-9010
Email: mgeorges@cityofchicago.org
emincy@cityofchicago.org
dcohen@cityofchicago.org