IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JUAN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 05 C 1042 |
| ) | |
| REYNALDO GUEVARA, and the CITY ) | Judge Grady |
| OF CHICAGO, ) | Magistrate Judge Mason |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION *IN LIMINE* NO. 5

### DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY BY ANY WITNESSES WHO WERE NOT IDENTIFIED AND/OR DEPOSED DURING DISCOVERY

Defendants City of Chicago and Reynaldo Guevara, by and through their attorneys, James G. Sotos and Christina S. White of James G. Sotos & Associates, Ltd., move this Honorable Court, *in limine,* to bar Plaintiff from offering any witness, testimony or evidence that has not previously been disclosed and/or any witness who was not deposed during discovery pursuant to Rules 26(a), 26(e)(1) and 37(c) of the Federal Rules of Civil Procedure. In support thereof, Defendants state as follows:

The parties each identified potential witnesses and/or individuals with knowledge related to Plaintiff's claims in their respective discovery responses. The deadline for fact discovery in this case was August 29, 2008. Although the parties have continued to engage in discovery relating to expert and FED. R. EVID 404(b) witnesses pending this Honorable Court's rulings on the same, they have not conducted discovery relating to the underlying case since the discovery

closure date. Indeed, Plaintiff has only identified witnesses related to the underlying case one time, which was in his Answers to Defendants' Interrogatories on October 26, 2006.[1]

Plaintiff should be barred from offering any witness, testimony or evidence that he has not previously disclosed as required by FED. R. CIV. P. 26(a)(1) or seasonably supplemented during discovery as required by FED. R. CIV. P. 26(e). Additionally, because Defendants requested in their Interrogatories that Plaintiff identify each person who witnessed the occurrences, injuries, allegations or matters alleged in the Complaint, Plaintiff should be barred from offering any witness, testimony or evidence that was not identified in their discovery responses, including any witness for whom Plaintiff has failed to provide an address. Fed. R. Civ. P. 37(c)(1) (stating "a party that without justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed"); *Israel Travel v. Israel Identity*, No. 92-2379, 1993 WL 451410, at *5 (N.D. Ill. Nov. 2, 1993) (barring witnesses for whom no address had been provided).

"The sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003), *quoting Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). Nonetheless, a district court maintains broad discretion to determine whether a Rule 26 violation is justified or harmless and can use the following factors as a guide: "1) whether there is prejudice or surprise to the party against whom the evidence is offered; 2) the ability of the party to cure the prejudice; 3) the likelihood of disruption to the trial; and 4) the bad faith or

---

[1] Plaintiff has identified additional expert and 404(b) witnesses in separate correspondence.

willfulness involved in not disclosing the evidence at an earlier date." *Id.* Here, Plaintiff has had ample time to disclose trial witnesses and, consequently, should be barred from attempting to introduce testimony by any witness for whom the Defendants were not properly notified and provided the opportunity to depose. *See Thomas v. Sheahan*, 514 F. Supp. 2d 1083, 1089 (N.D. Ill. 2007) (granting motion to bar any previously undisclosed witnesses from trial); *Anglin v. Sears, Roebuck and Co.*, 139 F. Supp. 2d 914, 918 (N.D. Ill. 2001) (excluding witnesses where defendant was not able to depose them because plaintiff first disclosed them in the pre-trial order, filed well after discovery had closed).

There can be no justification for Plaintiff's failure to disclose additional witnesses during the fact discovery period or to request leave to disclose them during the period for discovery related to 404(b) and expert witnesses. Defendants would be severely prejudiced if they were put into a position where they would have to cross-examine witnesses at trial without an opportunity to depose them or prepare for their testimony. *See Thomas*, 514 F.Supp.2d at 1089; *Anglin*, 139 F.Supp. 2d at 918. Further, the unfair surprise caused by any attempt to disclose new witnesses or to present witnesses who were not previously deposed cannot be cured at trial in this matter or in the brief two-week period prior thereto. For the same reasons, Plaintiff should be barred from offering any witness, testimony or evidence relating to any witness for whom the Plaintiff has identified, but failed to provide an address as required by Fed. R. Civ. P. 26(a)(1). *Israel Travel*, 1993 WL 451410, at *5.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order *in limine* consistent with the relief sought by this Motion.

Dated: April 17, 2009                    RESPECTFULLY SUBMITTED,

**s/Christina S. White**
CHRISTINA S. WHITE
One of the Attorneys for Defendants City of
Chicago and Reynaldo Guevara

JAMES G. SOTOS
ELIZABETH A. EKL
CHRISTINA S. WHITE
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL 60143-3156
(630) 735-3300
(630) 773-0980 (fax)
Attorney No. 06288703
cwhite@jsotoslaw.com

4

## **CERTIFICATE OF SERVICE**

      I hereby certify, under penalties of perjury, that on **April 17, 2009,** I electronically filed the foregoing **Defendants' Motion *in Limine* to Exclude Testimony by Any Witnesses Who Were Not Identified And/or Deposed During Discovery** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record: See Attached Service List.

                                       RESPECTFULLY SUBMITTED,

                                       s/**Christina S. White**
                                       CHRISTINA S. WHITE
                                       One of the Attorneys for Defendants City of
                                       Chicago and Reynaldo Guevara

JAMES G. SOTOS
ELIZABETH A. EKL
CHRISTINA S. WHITE
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL 60143-3156
(630) 735-3300
(630) 773-0980 (fax)
Attorney No. 06288703
cwhite@jsotoslaw.com

**SERVICE LIST**
*Johnson v. Guevara, et al.,* 05 C 1042

***Counsel for Plaintiff Juan Johnson:***
Jon I. Loevy
Arthur R. Loevy
Elizabeth N. Mazur
Russell R Ainsworth
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, Illinois 60607
(312) 243-5900
Email: jon@loevy.com
    loevy@loevylaw.com
    elizabethm@loevy.com
    russell@loevy.com

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 West Jackson Boulevard
Suite 950
Chicago, IL 60604
(312) 362-0000

Email: tgardiner@gkw-law.com

Amanda C Antholt
SMITH, JOHNSON & ANTHOLT LLC
112 S. Sangamon Street, Suite 3F
3rd Floor
Chicago, IL 60607
(312) 432-0400
Email: amanda@lawsja.com

Daniel J. Stohr
222 North LaSalle Street
Suite 200
Chicago, IL 60601
(312) 726-1180
Email: djs7@sbcglobal.net

***Counsel for Defendant Reynaldo Guevara:***
Arlene Esther Martin
Geri Lynn Yanow
Joseph M. Polick
Kathryn M. Doi
CITY OF CHICAGO, DEPARTMENT OF LAW
30 North LaSalle Street
Suite 1400
Chicago, IL 60602
(312) 744-6949
Fax: 312.744.6566
Email: amartin@cityofchicago.org
    glyanow@cityofchicago.org
    jpolick@cityofchicago.org

***Counsel for City of Chicago:***
    kdoi@cityofchicago.org

Mara Stacy Georges
J Ernest Mincy, III
Diane S. Cohen
CITY OF CHICAGO, DEPARTMENT OF LAW
30 North LaSalle Street
Suite 900
Chicago, IL 60602
(312) 744-9010
Email: mgeorges@cityofchicago.org
    emincy@cityofchicago.org
    dcohen@cityofchicago.org