IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JUAN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05 C 1042 |
| | ) | |
| REYNALDO GUEVARA, and the CITY | ) | Judge Grady |
| OF CHICAGO, | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 7**

**DEFENDANTS' MOTION *IN LIMINE* TO BAR EXPERT TESTIMONY OR REPORTS BY MCCRONE & ASSOCIATES**

Defendants City of Chicago and Reynaldo Guevara, by his attorneys, James G. Sotos and Elizabeth A. Ekl of James G. Sotos & Associates, Ltd., move this Honorable Court, *in limine,* to bar Plaintiff from making any reference to the McCrone & Associates report ("McCrone report"), or from offering the testimony consistent therewith, as both are completely irrelevant and highly prejudicial and thus inadmissible. Further, both are also inadmissible as neither will assist the jury in deciding an issue of fact in the case. As such, any reference to the McCrone & Associates report should be barred pursuant to Federal Rules of Evidence 401, 402, 403 and 702.

The claims against Defendant Guevara involve whether he coerced witness identifications of Plaintiff during the investigation of a murder that took place in 1989. According to the witnesses, Plaintiff bludgeoned the victim to death with a 4x4 board. After the identifications were made, Cook County assistant state's attorney Jim Bailey and Chicago police detective William O'Donnell returned to the crime scene and in fact retrieved a 10 foot board that roughly matched the description of the board described by the witnesses. However, that board was never

linked to the actual murder. The witnesses' identifications eventually served as the basis for Plaintiff's murder conviction in September of 1991, however, the board recovered by ASA Bailey and Detective O'Donnell was not introduced by the State in support of Plaintiff's conviction. Nonetheless, in December of 1991, prior to Plaintiff's post-conviction proceedings and second trial[1], forensic testing was performed on the board by McCrone & Associates at the request of Plaintiff's criminal attorneys. Ultimately, McCrone & Associates found that there "was no evidence the board was used as a weapon or came in contact with a bleeding person." (See Exhibit "A" McCrone Report, July 29, 2008.) Despite the fact that the board was not introduced by the prosecution during Plaintiff's criminal trial, Plaintiff argued during post-conviction proceedings that the McCrone report should have been admitted. At a hearing on the matter, Judge Singer specifically pointed out that there was no error in failing to admit the McCrone report because"[a]s to the piece of wood that defense had analyzed, there is no evidence that the stick the defense had analyzed was the same bludgeon used upon the decedent. Accordingly, the fact that there is no blood or hair on the stick analyzed by the defense is totally irrelevant." (See Exhibit "B," Hrg. Trans. of May 7, 1992.)

In the instant matter, the McCrone report is likewise irrelevant and thus barred by Federal Rules of Evidence 401 and 402. To wit: the McCrone report does not make it more or less probable that Defendant Guevara coerced identifications of Plaintiff thereby denying him due

---

[1] Following the Illinois Appellate Court decision, May 15, 1995, Plaintiff's conviction was remanded to allow him to file a post-conviction petition and have a hearing on the claim that defense counsel failed to inquire into the existence of exculpatory witnesses. *People v. Johnson*, 272 Ill.App.3d 479, 489 (1st Dist. 1995). Ultimately, following a claim of newly discovered evidence, Plaintiff was granted a new trial on May 8, 2002. *People v. Johnson*, 329 Ill.App.3d 1230 (1st Dist. May 9, 2002).

process of law. *See* Fed. R. Evid. 401, 402.  Further, any possible probative value the McCrone report could have is substantially outweighed by its prejudicial value.  The introduction of any evidence regarding the McCrone report will allow the jury to make any number of impermissible inferences that are unsupported by the evidence.  For example: admission of the report, which will show that the police gathered evidence that was later found to be unrelated to the murder, may create the inference that the board was to be used to bolster the alleged false identifications against Plaintiff, despite the fact that there is no such evidence and that the board was never introduced at Plaintiff's criminal trial.  Such prejudicial material, that has no probative value, is specifically precluded by Federal Rule of Evidence 403 due to the dangers of unfair prejudice, the confusion of the issues, or of misleading the jury.

Moreover, reference to, or the admission of the McCrone report is also barred by Federal Rule of Evidence 702 which "governs the admissibility of expert testimony in federal courts." *See Korte v. Exxonmobil Coal USA, Inc.,* 164 Fed.Appx. 553, 556, 2006 WL 41284, at *2 (7th Cir. 2006) *(unpublished decision)*.  Rule 702 requires that a "district court must act as a 'gatekeeper' to ensure that the offered expert testimony is both relevant and reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).  Defendants do not question the reliability of the McCrone report, however, it does not meet the requirements of Rule 702 as it is irrelevant.  In order to be found relevant under Rule 702, the offered expert testimony must "assist the trier of fact to understand the evidence in the sense that it is relevant to or 'fits' the facts of the case" using an analysis "similar to if not indistinguishable from" Rule 403 discussed above. *See Gaskin v. Sharp Electronics Corp.*, No. 05-303, 2007 WL 2572397, at *4 (N.D. Ind.

3

Aug 31, 2007). Further, it is Plaintiff's burden to establish the admissibility of the McCrone report by a preponderance of proof. *See id.*

Here, the findings of the McCrone report, *i.e.* that the board was not used to bludgeon anyone, do not "fit" the facts of the case. The instant matter involves alleged actions by Defendant Guevara that are not related to the board that was gathered by the Cook County State's office and Chicago Police Department. Further, at no time since the McCrone report was created in 1991, has any evidence been brought forth that the board was related to the underlying crime, or used in any way in Plaintiff's criminal trial. Nothing in the McCrone report will assist the jury in determining whether or not Plaintiff was deprived of due process of law, especially as the board was not introduced as evidence against Plaintiff in the first place. There is a far greater risk that the introduction of the McCrone report will only confuse the jury and cause undue prejudice to Defendants. Plaintiff cannot meet his burden of establishing the relevancy of the McCrone report and it must, therefore, be precluded from introducing it at trial.

WHEREFORE, Defendants respectfully request this Honorable Court enter an Order *in limine* consistent with the relief sought by this Motion.

Dated: April 23, 2009     by:     **/s Elizabeth A. Ekl**
ELIZABETH A. EKL, Attorney No. 06242840
One of the Attorneys for Defendants City of
Chicago and Reynaldo Guevara

JAMES G. SOTOS
ELIZABETH A. EKL
SARA M. CLIFFE
CHRISTINA S. WHITE
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL 60143-3156
(630) 735-3300
(630) 773-0980 (fax)

## CERTIFICATE OF SERVICE

       I hereby certify, under penalties of perjury pursuant to 28 U.S.C.A. § 1746, that on **April 23, 2009,** I electronically filed the foregoing **Defendants' Motion *in Limine* to Bar Expert Testimony or Reports by McCrone & Associates** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record: See Attached Service List.

                                      RESPECTFULLY SUBMITTED,

                                      **/s Elizabeth A. Ekl**
                                      ELIZABETH A. EKL
                                      One of the Attorneys for Defendants City of
                                      Chicago and Reynaldo Guevara

JAMES G. SOTOS
ELIZABETH A. EKL
SARA M. CLIFFE
CHRISTINA S. WHITE
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL 60143-3156
(630) 735-3300
(630) 773-0980 (fax)
Attorney No. 06242840
eekl@jsotoslaw.com

5

**SERVICE LIST**
*Johnson v. Guevara, et al.*, 05 C 1042

*Counsel for Plaintiff Juan Johnson:*

Jon I. Loevy
Arthur R. Loevy
Elizabeth N. Mazur
Russell R Ainsworth
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, Illinois 60607
(312) 243-5900
Email: jon@loevy.com
   loevy@loevylaw.com
   elizabethm@loevy.com
   russell@loevy.com

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 West Jackson Boulevard
Suite 950
Chicago , IL 60604
(312) 362-0000
Email: tgardiner@gkw-law.com

Amanda C Antholt
SMITH, JOHNSON & ANTHOLT LLC
112 S. Sangamon Street, Suite 3F
3rd Floor
Chicago , IL 60607
(312) 432-0400
Email: amanda@lawsja.com

Daniel J. Stohr
222 North LaSalle Street
Suite 200
Chicago , IL 60601
(312) 726-1180
Email: djs7@sbcglobal.net

*Counsel for Defendant Reynaldo Guevara:*

Arlene Esther Martin
Geri Lynn Yanow
Joseph M. Polick
Kathryn M. Doi
CITY OF CHICAGO, DEPARTMENT OF LAW
30 North LaSalle Street
Suite 1400
Chicago , IL 60602
(312) 744-6949
Fax: 312.744.6566
Email: amartin@cityofchicago.org
   glyanow@cityofchicago.org
   jpolick@cityofchicago.org
   kdoi@cityofchicago.org

*Counsel for City of Chicago:*

Mara Stacy Georges
J Ernest Mincy , III
Diane S. Cohen
CITY OF CHICAGO, DEPARTMENT OF LAW
30 North LaSalle Street
Suite 900
Chicago , IL 60602
(312) 744-9010
Email: mgeorges@cityofchicago.org
   emincy@cityofchicago.org
   dcohen@cityofchicago.org