IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JUAN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05 C 1042 |
| | ) | |
| REYNALDO GUEVARA, and the CITY | ) | Judge Grady |
| OF CHICAGO, | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 9**

**DEFENDANT'S MOTION *IN LIMINE* TO BAR
GENERALIZED EVIDENCE OF ALLEGED POLICE CODE OF SILENCE**

Defendants Reynaldo Guevara and the City of Chicago ("City"), by and through their attorneys JAMES G. SOTOS and ELIZABETH A. EKL of JAMES G. SOTOS & ASSOCIATES, LTD., move this Honorable Court for an Order *in limine* barring Plaintiff, his attorneys, agents and/or witnesses from testifying to, arguing, or offering any testimony that officers generally lie, cover-up, or otherwise maintain a "code of silence" to protect their fellow officers. This Court should exclude such evidence because it is not relevant to the jury's determination of the credibility of the officers' testimony in this case and would be extremely prejudicial to the Defendants.

Plaintiff may attempt to introduce generalized testimony, evidence, or argument of an alleged officer "code of silence" maintained by the Chicago Police Department and/or police in general to protect fellow officers accused of wrongdoing.

Evidence is admissible at trial only if it makes the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FED. R. EVID. 401; *People v. Lewis*, 165 Ill. 2d 305, 329 (1995). Moreover, even when evidence is relevant, it should be excluded if its prejudicial effect substantially outweighs its probative value. FED. R. EVID. 403; *Id.*

In this trial, the only relevant inquiry is whether Defendant Guevara withheld information and suppressed evidence that Plaintiff was deliberately and falsely identified as a murderer through Defendant Guevara's egregious manipulation of witnesses. (*See Manning v. Buchan*, 357 F. Supp.2d 1036, 1043 (N.D. Ill. 2004), citing *Newsome v. McCabe*, 256 F.3d 747, 749 (7th Cir. 2003). Given this narrow inquiry, general evidence of an officer "code of silence" or similar slander has no bearing on the jury's assessment of Defendant Guevara's conduct. *See Basile v. Ondrato*, No. 02-C-3795, 2003 WL 22953340, at *2 (N.D. Ill. Dec. 12, 2003) (no evidence or argument may be offered regarding a police "code of silence" or widespread cover-up of police misconduct, including the use of the phrase "code of silence"). Generalized allegations of a police code of silence or that police officers cover up for other police officers "is akin to the conclusion that all mechanics, when they have the opportunity, assess over-charges for unnecessary repair; that all politicians, when the public's back is turned, accept bribes; and that all taxpayers, when they think they can get away with it, cheat on their taxes -- and no one ever tells. In a court of law, however justice is dispensed based on evidence of articulated and proven facts, not on generalized assumptions and prejudices." *Sanders v. City of Indianapolis*, 837 F. Supp. 959, 963 (S.D. Ind. 1992).

Additionally, because such generalized evidence has no specific relationship to the officers or former officers testifying in this case, it is not relevant to the jury's determination of their credibility. *See People v. Currie*, 405 N.E.2d 1142, 1147 (Ill. App. Ct. 1980) (excluding evidence that police officers had motive to lie on the stand to cover up police practice of using ruse to enter premises during drug raids); *see also, Shaw v. City of New York*, No. 95 Civ. 9325, 1997 WL 187352, at *7-8 (S.D.N.Y. Apr. 15, 1997) (excluding evidence of "code of silence" by which New York City police officers protect fellow officers and lie, if necessary). Moreover, as the court warned in *Shaw*:

> If evidence of a police "code of silence" were held admissible here, it logically would be admissible in every suit, civil or criminal, in which a police officer was alleged to be lying to support the testimony of a fellow police officer. Indeed, it would be admissible in every civil and criminal case in which even a single police officer testified. The Court declines to establish such a precedent.

*Id.* This Court, too, should decline to open the floodgates to such evidence.

Furthermore, even if general evidence of an officer "code of silence" were somehow relevant in this case (and it is not), this Court should nonetheless exclude such evidence because its prejudicial effect substantially outweighs its probative value. *See Townsend v. Benya*, 287 F. Supp. 2d 868, 876 (N.D. Ill. 2003) (general evidence of police "code of silence" is irrelevant and prejudicial). Indeed, given its lack of connection to the specific issues and persons in this case, "its probative value is very, very slim, and its prejudicial [impact] is very, very high." *Shaw*, 1997 WL 187352, at *7. In this regard, such evidence is no different from "bad acts evidence" except it is more illusory because it has no particular connection to the defendant.

3

WHEREFORE, Defendants respectfully request this Honorable Court enter an Order *in limine* consistent with the relief sought by this Motion.

Dated: April 23, 2009　　　　　By:　**/s Elizabeth A. Ekl**
　　　　　　　　　　　　　　　　　ELIZABETH A. EKL, Attorney No. 06242840
　　　　　　　　　　　　　　　　　One of the Attorneys for Defendants City of Chicago
　　　　　　　　　　　　　　　　　and Reynaldo Guevara

JAMES G. SOTOS
ELIZABETH A. EKL
SARA M. CLIFFE
CHRISTINA S. WHITE
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL 60143-3156
(630) 735-3300
(630) 773-0980 (fax)

4

## CERTIFICATE OF SERVICE

   I hereby certify, under penalties of perjury pursuant to 28 U.S.C.A. § 1746, that on **April 23, 2009,** I electronically filed the foregoing **Defendant's Motion *in Limine* to Bar Generalized Evidence of Alleged Police Code of Silence** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:   See Attached Service List.

               RESPECTFULLY SUBMITTED,

               **/s Elizabeth A. Ekl**
               ELIZABETH A. EKL
               One of the Attorneys for Defendants City of Chicago
               and Reynaldo Guevara

JAMES G. SOTOS
ELIZABETH A. EKL
SARA M. CLIFFE
CHRISTINA S. WHITE
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL 60143-3156
(630) 735-3300
(630) 773-0980 (fax)
Attorney No. 06242840
eekl@jsotoslaw.com

**SERVICE LIST**
*Johnson v. Guevara, et al.*, 05 C 1042

*Counsel for Plaintiff Juan Johnson:*

Jon I. Loevy
Arthur R. Loevy
Elizabeth N. Mazur
Russell R Ainsworth
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, Illinois 60607
(312) 243-5900
Email: jon@loevy.com
loevy@loevylaw.com
elizabethm@loevy.com
russell@loevy.com

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 West Jackson Boulevard
Suite 950
Chicago , IL 60604
(312) 362-0000
Email: tgardiner@gkw-law.com

Amanda C Antholt
SMITH, JOHNSON & ANTHOLT LLC
112 S. Sangamon Street, Suite 3F
3rd Floor
Chicago , IL 60607
(312) 432-0400
Email: amanda@lawsja.com

Daniel J. Stohr
222 North LaSalle Street
Suite 200
Chicago , IL 60601
(312) 726-1180
Email: djs7@sbcglobal.net

*Counsel for Defendant Reynaldo Guevara:*

Arlene Esther Martin
Geri Lynn Yanow
Joseph M. Polick
Kathryn M. Doi
CITY OF CHICAGO, DEPARTMENT OF LAW
30 North LaSalle Street
Suite 1400
Chicago , IL 60602
(312) 744-6949
Fax: 312.744.6566
Email: amartin@cityofchicago.org
glyanow@cityofchicago.org
jpolick@cityofchicago.org
kdoi@cityofchicago.org

*Counsel for City of Chicago:*

Mara Stacy Georges
J Ernest Mincy , III
Diane S. Cohen
CITY OF CHICAGO, DEPARTMENT OF LAW
30 North LaSalle Street
Suite 900
Chicago , IL 60602
(312) 744-9010
Email: mgeorges@cityofchicago.org
emincy@cityofchicago.org
dcohen@cityofchicago.org