## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JUAN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05 C 1042 |
| | ) | |
| REYNALDO GUEVARA, and the CITY | ) | Judge Grady |
| OF CHICAGO, | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 11**

**DEFENDANTS' MOTION *IN LIMINE* TO BAR ANY EVIDENCE OR
TESTIMONY REGARDING ANY ACCUSATION OF MISCONDUCT AGAINST
ANY NON-PARTY POLICE OFFICER WITNESSES**

Defendants Reynaldo Guevara and the City of Chicago ("City"), by and through their

attorneys James G. Sotos & Elizabeth A. Ekl of James G. Sotos & Associates, Ltd., move this

Honorable Court for an Order *in limine* barring any evidence or testimony making any reference

to any Complaint Register, lawsuit, accusation or other indicia of character or reputation relating

to any allegation that any police officer called as a witness in this case engaged in misconduct.[1]

Reference to such allegations would constitute improper character evidence under Fed.R.Evid.

404; such allegations also would be inadmissible and irrelevant, and any probative value they

might have would be substantially outweighed by the danger of unfair prejudice, confusion of the

issues, and misleading the jury. (Fed.R.Evid. 401, 402 and 403.)

---

[1] Defendants previously filed a motion to bar any testimony about, or references to, other alleged acts of misconduct by Defendant Guevara that relate to the fabrication of evidence. See Dkt. 133, Defendants' Motion to Bar Testimony of Certain 404(b) Witnesses Identified by Plaintiff. That motion was granted by this Court on April 21, 2009. (Dkt. 174.)

Defendants believe Plaintiff may attempt to introduce testimony or evidence relating to prior instances of alleged misconduct by non-defendant police officer witnesses who may be called to testify at trial. This evidence would most likely be, but is not necessarily limited to, prior lawsuits and citizens' complaints against the police officer witnesses. Defendants move to bar this evidence since it constitutes improper character evidence under Fed.R.Evid. 404. Moreover, such evidence is irrelevant, hearsay, and any probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and its misleading the jury. Fed.R.Evid. 402 and 403.

The Federal Rules of Evidence prohibit the use of "other crimes, wrongs, or acts, ... to the prove the character of a person in order to show action in conformity therewith." FED. R. EVID. 404(b). Such acts, however, may be admissible if offered for other purposes, including intent, opportunity, preparation, and plan. FED. R. EVID. 404(b); *Treece v. Hochstetler*, 213 F.3d 360, 363 (7th Cir. 2000). The courts routinely apply a four-prong test to determine the admissibility of other acts. Evidence of other acts of misconduct may be admissible if: (1) it is directed toward establishing a matter in issue other than the defendant's propensity to commit the act charged; (2) it shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) it is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not outweighed by the danger of unfair prejudice. *Treece*, 213 F.3d at 363; *see also Okai v. Verfuth*, 275 F.3d 606, 611 (7th Cir. 2001) (trial judge has discretion to exclude prior disciplinary records against officer in excessive force case).

Evidence of the unrelated third-party CR complaints here fails to satisfy the test for admissibility. First, Plaintiff cannot meet her burden of proving the evidence establishes any

matter in issue other than Defendant Ferraro's propensity to act unlawfully.  *See Shaffer v.*

*Brinegar*, 23 Fed. Appx. 580, 584 (7th Cir. 2001), *citing Berkovich v. Hicks*, 922 F.2d 1018,

1022 (2d Cir. 1991) (trial court did not err in excluding prior civilian complaints against officer

because it was "merely a veiled attempt to introduce impermissible character evidence").  As a

result, this evidence is impermissible propensity evidence.  *Munley v. Carlson,* 125 F.Supp.2d

1117, 1119 (N.D. Ill. 2000) (noting plaintiff's failure to offer alternative purposes for use of

404(b) evidence other than propensity).

Second, evidence of allegations of misconduct against a police officer-witness merely

reflects that a citizen made a complaint against that officer; it is irrelvant to, and does not prove,

any of the allegations made here against Defendant Guevara.  *Edwards v. Thomas*, 31 F. Supp.

2d 1069, 1074 (N.D. Ill. 1999) (refusing to consider unsustained complaints in 404(b) analysis

unless proven sufficiently similar to the alleged act)  "Whether a prior bad act is similar enough

to speak to an issue that 404(b) deems legitimate is case specific and depends on the theory

employed by the party lobbying for admission."  *U.S. v. Brown*, 250 F.3d 580, 585 (7th Cir.

2001).  In this case, Plaintiff cannot meet his burden to allow such references concerning police

officer-witnesses into evidence.

Finally, even if there were some probative value in admitting this type of evidence, that

probative value would be overwhelmingly outweighed by the danger of unfair prejudice and

should be barred both by the fourth prong of the *Treece* test as well as by Fed. R. Evid. 403.  *See*

*also, Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2nd Cir. 1991) (holding that the admission of

evidence of other complaints against officers was irrelevant and overwhelmingly prejudicial to

the defendant); *Lataille v. Ponte*, 754 F.2d 33 (1st Cir. 1985) (holding that it was prejudicial error

to admit past disciplinary record); *Walker v. County of Cook*, No. 05-CV-5634, 2009 WL 65621 at *2 (N.D. Ill. 2009) (granting motion *in limine* where plaintiff failed to show the prior bad act was either sufficiently related to the allegations in the case or that the evidence was not substantially outweighed by its prejudicial effect.).  It has been recommended that the use of character evidence in civil trials not be expanded, as it "is of slight probative value and may be very prejudicial.  It tends to distract the trier of fact from the main question of what actually happened on the particular occasion." FED.R.EVID. 404(a) advisory committee's note (quoting *California Law Revision Comm'n, Rep., Rec. & Studies* 615 (1964)).  If a jury were bombarded with third-party allegations of misconduct against police officer witnesses, they would be more likely to decide the case on an improper basis, rather than the actual evidence presented.  *See United States v. DeLuca*, No. 00 CR 387, 2002 WL 370213, at *3 (N.D. Ill. Mar. 8, 2002), citing *United States v. Pulido*, 69 F.3d 192, 201 (7th Cir. 1995); *see also* FED. R. EVID. 403.  Indeed, introduction of this evidence poses a significant risk of confusing and misleading the jury.  *Heflin v. City of Chicago*, No. 95 C 1990, 1996 WL 28238, at *2 (N.D. Ill. Jan. 22, 1996) (excluding evidence of prior CR's because it consumes trial time and confuses the jury on issues of slight probative value); *Jones v. Hamelman*, 869 F.2d 1023, 1027 (7th Cir. 1989) (admission of 404(b) evidence would necessitate "trial within a trial").

The prejudicial effect upon Defendant Guevara of recounting allegations of prior misconduct against other police officers would be great.  Plaintiff's only purpose in introducing or suggesting such evidence would be to attempt to taint the jury into deciding the case on the basis that police officers in general commit misconduct and should therefore be found liable.

WHEREFORE, Defendants respectfully request this Honorable Court enter an Order *in limine* consistent with the relief sought by this Motion.

Dated: April 23, 2009      By:    **/s Elizabeth A. Ekl**
ELIZABETH A. EKL, Attorney No. 06242840
One of the Attorneys for Defendants City of Chicago
and Reynaldo Guevara

JAMES G. SOTOS
ELIZABETH A. EKL
SARA M. CLIFFE
CHRISTINA S. WHITE
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL 60143-3156
(630) 735-3300
(630) 773-0980 (fax)

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify, under penalties of perjury pursuant to 28 U.S.C.A. § 1746, that on **April 23, 2009,** I electronically filed the foregoing **Defendants' Motion *in Limine* to Bar Any Evidence or Testimony Regarding Any Accusation of Misconduct Against Any Non-Party Police Officer Witnesses** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:   See Attached Service List.

RESPECTFULLY SUBMITTED,

**/s Elizabeth A. Ekl**
ELIZABETH A. EKL
One of the Attorneys for Defendants City of Chicago
and Reynaldo Guevara

JAMES G. SOTOS
ELIZABETH A. EKL
SARA M. CLIFFE
CHRISTINA S. WHITE
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL 60143-3156
(630) 735-3300
(630) 773-0980 (fax)
Attorney No. 06242840
eekl@jsotoslaw.com

## SERVICE LIST
*Johnson v. Guevara, et al.,* 05 C 1042

***Counsel for Plaintiff Juan Johnson:***

Jon I. Loevy
Arthur R. Loevy
Elizabeth N. Mazur
Russell R Ainsworth
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, Illinois 60607
(312) 243-5900
Email: jon@loevy.com
      loevy@loevylaw.com
      elizabethm@loevy.com
      russell@loevy.com

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 West Jackson Boulevard
Suite 950
Chicago , IL 60604
(312) 362-0000
Email: tgardiner@gkw-law.com

Amanda C Antholt
SMITH, JOHNSON & ANTHOLT LLC
112 S. Sangamon Street, Suite 3F
3rd Floor
Chicago , IL 60607
(312) 432-0400
Email: amanda@lawsja.com

Daniel J. Stohr
222 North LaSalle Street
Suite 200
Chicago , IL 60601
(312) 726-1180
Email: djs7@sbcglobal.net

***Counsel for Defendant Reynaldo Guevara:***

Arlene Esther Martin
Geri Lynn Yanow
Joseph M. Polick
Kathryn M. Doi
CITY OF CHICAGO, DEPARTMENT OF
LAW
30 North LaSalle Street
Suite 1400
Chicago , IL 60602
(312) 744-6949
Fax: 312.744.6566
Email: amartin@cityofchicago.org
      glyanow@cityofchicago.org
      jpolick@cityofchicago.org
      kdoi@cityofchicago.org

***Counsel for City of Chicago:***

Mara Stacy Georges
J Ernest Mincy , III
Diane S. Cohen
CITY OF CHICAGO, DEPARTMENT OF
LAW
30 North LaSalle Street
Suite 900
Chicago , IL 60602
(312) 744-9010
Email: mgeorges@cityofchicago.org
      emincy@cityofchicago.org
      dcohen@cityofchicago.org