IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JUAN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | 05 C 1042 |
| ) | |
| v. ) | Judge Grady |
| ) | |
| REYNALDO GUEVARA, and the ) | |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 2**
**TO BAR ALL REFERENCES TO MR. JOHNSON'S ARREST IN 2008**

NOW COMES Plaintiff, JUAN JOHNSON, by his counsel, and respectfully brings the following motion *in limine.*

### Discussion

This is Plaintiff's most important motion *in limine*. Allowing Defendants to bring up this subject matter would unfairly highjack the trial in an completely irrelevant direction, and would render it impossible for the jury to make an unbiased assessment of Plaintiff's legitimate constitutional claims.

**A.   Unlike Prior Felony Convictions, It Is Well-Settled That Prior Arrests That Do Not Lead To Convictions Are Not Admissible In Section 1983 Trials**

It is well-established in civil rights cases that prior arrests that do not result in convictions are inadmissible. The law is uniform such that this is no longer an open question. See Gregory v. Oliver, 2003 WL 1860270, at *1 (N.D.Ill. April 9, 2003) ("Arrests that have not lead to convictions are classic candidates for exclusion under [FRE] 404(b)"); Anderson v.

Sternes, 243 F.3d 1049, 1054 (7th Cir. 2001) ("The law is clear that a defendant's prior arrest record is inadmissible, and while the reference to Anderson's past arrest was only indirect, it was still improper"); Jones v. Scientific Colors, Inc., 2001 WL 668943, at *2 (N.D.Ill. 2001) ("Whether any of the claimants have been previously arrested -- as opposed to convicted -- is a matter of slight probative value in relationship to the claims before the Court. Such inquiries threaten more to confuse than enlighten"); Brandon v. Village of Maywood, 179 F.Supp. 2d 847, 853-55 (N.D.Ill. 2001) (carefully considering and rejecting all arguments for admission of arrest record -- such as "bias" or damages -- because prejudice outweighs probative value where officers did not know about it); Blessing v. Kulak, 1988 WL 67637, at *1 (N.D.Ill. June 22, 1988) ("The use of the evidence of prior arrests, despite defendants' arguments, is in the manner of demonstrating that Blessing had a propensity for committing burglary [and is thus] inadmissible under Rule 404(b)"); cf. Earl v. Denny's, Inc., 2002 WL 31819021, at *8 (N.D.Ill. Dec. 13, 2002) ("[A] jury may deny plaintiff a verdict and an award, not because it doubts its veracity, but because it is appalled by his prior conduct that has nothing to do with the events in question. That is precisely the kind of unfair prejudice that Rule 403 seeks to prevent").

**B.     References to Mr. Johnson's 2008 Arrest Must Be Barred**

The only felony conviction in Mr. Johnson's life is the (reversed) murder conviction at issue in this case. He has one misdemeanor case from his youth (which did not result in a conviction), and no other felonies.

Late last year, however, an informant approached Mr. Johnson while wearing a wire for a drug investigation that was conducted with the involvement of the Chicago Police Department. On tape, Mr. Johnson told the informant that he (Mr. Johnson) did not want any financial gain from the transaction. The indictment charges Mr. Johnson and one other man with a conspiracy to distribute drugs.

As that case presently stands, Mr. Johnson has not been convicted of any crime. A mere allegation is not admissible under the Federal Rules. Moreover, the alleged underlying "bad act" is just that: an inadmissible prior bad act -- and one with no relevance to this case.

WHEREFORE, Defendants should be barred from referencing any facts relating to Plaintiff's arrest in 2008.

3

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 West Jackson Blvd., Suite 950
Chicago, Illinois 60604
(312) 362-0000

Daniel J. Stohr
222 North LaSalle Street
Suite 200
Chicago, Illinois 60601
(312) 726-1180