Westlaw.

720 ILCS 550/10

Formerly cited as IL ST CH 56 1/2 ¶ 710

**Effective: September 11, 2005**

West's Smith-Hurd Illinois Compiled Statutes Annotated Currentness
  Chapter 720. Criminal Offenses (Refs & Annos)
    Offenses Against the Public
      Act 550. Cannabis Control Act (Refs & Annos)

→ **550/10. First offenders; probation**

§ 10. (a) Whenever any person who has not previously been convicted of, or placed on probation or court supervision for, any offense under this Act or any law of the United States or of any State relating to cannabis, or controlled substances as defined in the Illinois Controlled Substances Act, [FN1] pleads guilty to or is found guilty of violating Sections 4(a), 4(b), 4(c), 5(a), 5(b), 5(c) or 8 of this Act, the court may, without entering a judgment and with the consent of such person, sentence him to probation.

(b) When a person is placed on probation, the court shall enter an order specifying a period of probation of 24 months, and shall defer further proceedings in the case until the conclusion of the period or until the filing of a petition alleging violation of a term or condition of probation.

(c) The conditions of probation shall be that the person: (1) not violate any criminal statute of any jurisdiction; (2) refrain from possession of a firearm or other dangerous weapon; (3) submit to periodic drug testing at a time and in a manner as ordered by the court, but no less than 3 times during the period of the probation, with the cost of the testing to be paid by the probationer; and (4) perform no less than 30 hours of community service, provided community service is available in the jurisdiction and is funded and approved by the county board.

(d) The court may, in addition to other conditions, require that the person:

(1) make a report to and appear in person before or participate with the court or such courts, person, or social service agency as directed by the court in the order of probation;

(2) pay a fine and costs;

(3) work or pursue a course of study or vocational training;

(4) undergo medical or psychiatric treatment; or treatment for drug addiction or alcoholism;

(5) attend or reside in a facility established for the instruction or residence of defendants on probation;

(6) support his dependents;

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.


EXHIBIT A

720 ILCS 550/ 10     Page 2

(7) refrain from possessing a firearm or other dangerous weapon;

(7-5) refrain from having in his or her body the presence of any illicit drug prohibited by the Cannabis Control Act, the Illinois Controlled Substances Act, or the Methamphetamine Control and Community Protection Act, unless prescribed by a physician, and submit samples of his or her blood or urine or both for tests to determine the presence of any illicit drug;

(8) and in addition, if a minor:

  (i) reside with his parents or in a foster home;

  (ii) attend school;

  (iii) attend a non-residential program for youth;

  (iv) contribute to his own support at home or in a foster home.

(e) Upon violation of a term or condition of probation, the court may enter a judgment on its original finding of guilt and proceed as otherwise provided.

(f) Upon fulfillment of the terms and conditions of probation, the court shall discharge such person and dismiss the proceedings against him.

(g) A disposition of probation is considered to be a conviction for the purposes of imposing the conditions of probation and for appeal, however, discharge and dismissal under this Section is not a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime (including the additional penalty imposed for subsequent offenses under Section 4(c), 4(d), 5(c) or 5(d) of this Act).

(h) Discharge and dismissal under this Section, Section 410 of the Illinois Controlled Substances Act, [FN2] or Section 70 of the Methamphetamine Control and Community Protection Act may occur only once with respect to any person.

(i) If a person is convicted of an offense under this Act, the Illinois Controlled Substances Act, or the Methamphetamine Control and Community Protection Act within 5 years subsequent to a discharge and dismissal under this Section, the discharge and dismissal under this Section shall be admissible in the sentencing proceeding for that conviction as a factor in aggravation.

CREDIT(S)

P.A. 77-758, § 10, eff. Aug. 16, 1971. Amended by P.A. 78-827, § 1, eff. Oct. 1, 1973; P.A. 80-1202, § 1, eff. June 30, 1978; P.A. 88-510, § 10, eff. Jan. 1, 1994; P.A. 88-680, Art. 25, § 25-10, eff. Jan. 1, 1995. Re-enacted by P.A. 91-696, Art. 25, § 25-10, eff. April 13, 2000. Amended by P.A. 94-556, § 1060, eff. Sept. 11, 2005.

Formerly Ill.Rev.Stat.1991, ch. 56 1/2, ¶ 710.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

720 ILCS 550/ 10                                                                                                    Page 3

[FN1]
720 ILCS 570/100 et seq.

[FN2]
720 ILCS 570/410.

VALIDITY

<The Supreme Court of Illinois held that P.A. 88-680 violated the single-subject rule of the Illinois Constitution in the case of People v. Cervantes, 1999, 243 Ill.Dec. 233, 189 Ill.2d 80, 723 N.E.2d 265; P.A. 91-696 re-enacted this section as contained in P.A. 88-680, including any subsequent amendments in order "to remove any question as to the validity or content of those provisions.">

HISTORICAL AND STATUTORY NOTES

P.A. 78-827 inserted the references to sections "4(b), 4(c)," and "5(b), 5(c)" in the first sentence.

P.A. 80-1202 rewrote the section, which formerly read:

"Whenever any person who has not previously been convicted of any offense under this Act or any law of the United States or of any State relating to cannabis, or controlled substances as defined in the Illinois Controlled Substances Act, pleads guilty to or is found guilty of violating Sections 4(a), 4(b), 4(c), 5(a), 5(b), 5(c) or 8 of this Act, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon reasonable terms and conditions as it may require. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal under this Section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime (including the additional penalty imposed for subsequent offenses under Section 4(c), 4(d), 5(c) or 5(d) of this Act). Discharge and dismissal under this Section may occur only once with respect to any person."

Section 3 of P.A. 80-1202 provided:

"The General Assembly declares that the changes made by this amendatory Act, except the changes made in subsection (g) of Section 10 of the Cannabis Control Act and in subsection (g) of Section 410 of the Illinois Controlled Substances Act, are declaratory of existing law and are therefore applicable in relation to events which occurred before the effective date of this amendatory Act. The "terms and conditions" of probation as specified in this amendatory Act are declared to be reasonable terms and conditions for probation under the affected Sections as those Sections were in effect before the effective date of this amendatory Act."

P.A. 88-510, in the subsection allowing the court to require that the person comply with certain additional conditions in order to receive probation, inserted the paragraph relating to the presence of illicit drugs in the person's body.

P.A. 88-680, in the subsection providing for a period of probation, substituted "of 24 months" for "in accordance with subsection (b) of Section 5-6-2 of the 'Unified Code of Corrections', approved July 26, 1972, as amended,"; inserted the subsection setting forth the conditions of probation; redesignated subsecs. (c) to (g) as subsecs. (d) to (h); added the subsection providing that in a proceeding for a subsequent conviction within 5 years, the dis-

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

720 ILCS 550/ 10                                                                                          Page 4

charge and dismissal under this Section is admissible as a factor in aggravation; and made a nonsubstantive change.

P.A. 88-680 incorporated the amendment by P.A. 88-510.

P.A. 91-696, Art. 25, § 25-10 reenacted this section.

Section 1 of P.A. 91-696, approved and eff. April 13, 2000, provides:

"Purpose.

"(1) The General Assembly finds and declares that:

"(i) Public Act 88-680, effective January 1, 1995, contained provisions amending the Criminal Code of 1961, the Unified Code of Corrections and the Wrongs to Children Act. Public Act 88-680 also contained other provisions.

"(ii) In addition, Public Act 88-680 was entitled "AN ACT to create a Safe Neighborhoods Law". (A) Article 5 was entitled JUVENILE JUSTICE and amended the Juvenile Court Act of 1987. (B) Article 15 was entitled GANGS and amended various provisions of the Criminal Code of 1961 and the Unified Code of Corrections. (C) Article 20 was entitled ALCOHOL ABUSE and amended various provisions of the Illinois Vehicle Code. (D) Article 25 was entitled DRUG ABUSE and amended the Cannabis Control Act and the Illinois Controlled Substances Act. (E) Article 30 was entitled FIREARMS and amended the Criminal Code of 1961 and the Code of Criminal Procedure of 1963. (F) Article 35 amended the Criminal Code of 1961, the Rights of Crime Victims and Witnesses Act, and the Unified Code of Corrections. (G) Article 40 amended the Criminal Code of 1961 to increase the penalty for compelling organization membership of persons. (H) Article 45 created the Secure Residential Youth Care Facility Licensing Act and amended the State Finance Act, the Juvenile Court Act of 1987, the Unified Code of Corrections, and the Private Correctional Facility Moratorium Act. (I) Article 50 amended the WIC Vendor Management Act, the Firearm Owners Identification Card Act, the Juvenile Court Act of 1987, the Criminal Code of 1961, the Wrongs to Children Act, and the Unified Code of Corrections.

"(iii) On December 2, 1999, the Illinois Supreme Court, in People v. Cervantes, Docket No. 87229, ruled that Public Act 88-680 violates the single subject clause of the Illinois Constitution (Article IV, Section 8 (d)) and was unconstitutional in its entirety.

"(iv) The provisions of Public Act 88-680 amending the Criminal Code of 1961, the Unified Code of Corrections, and the Wrongs to Children Act are of vital concern to the people of this State and legislative action concerning those provisions of Public Act 88-680 is necessary.

"(2) It is the purpose of this Act to re-enact certain criminal provisions of Public Act 88-680, including subsequent amendments. This re-enactment is intended to remove any question as to the validity or content of those provisions.

"(3) This Act re-enacts certain criminal provisions of Public Act 88-680, including subsequent amendments, to remove any question as to the validity or content of those provisions; it is not intended to supersede any other Public Act that amends the text of the Sections as set forth in this Act. The material is shown as existing text (i.e., without underscoring), except for technical changes having a revisory function."

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.