```
         IN THE UNITED STATES DISTRICT COURT
       NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION
```

| | |
|---|---|
| JUAN JOHNSON, | ) |
| | ) |
| Plaintiff, | ) 05 C 1042 |
| | ) |
| v. | ) Judge Grady |
| | ) |
| REYNALDO GUEVARA, and the | ) |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 4
TO BAR REFERENCES TO STREET GANGS**

NOW COMES Plaintiff, JUAN JOHNSON, by his counsel, and respectfully brings the following motion *in limine*.

### Discussion

Plaintiff seeks an order barring references to illegal street gangs. Plaintiff explains as follows.

**A.  The Factual Background Underlying Plaintiff's Claims**

On September 9, 1989, there was a party at a bar called the Caguas Club in Chicago. A fight broke out, and about a hundred people spilled into the street. It is not disputed that a group of men proceed to beat a man named Richard Fernandez so badly that he died of blunt force trauma.

As a result of an investigation conducted by the Defendant Officer Guevara, four men -- the Plaintiff, his brother, and two others -- were charged with this murder. Mr. Johnson and his brother were convicted (though the other two were not).

There was no physical evidence tying Mr. Johnson to the murder. Indeed, the only evidence ever offered connecting him to

the murder was the testimony of two alleged eyewitnesses: Juan Michel Delgado identified Mr. Johnson and Edwin Gomez testified that one of the killers "looked like" Mr. Johnson.

Mr. Johnson's post-conviction petition was ultimately granted, and his conviction was overturned on the grounds of newly-available exculpatory evidence. On retrial, Mr. Johnson presented evidence that the only evidence against him (the two purported "eyewitness identifications") had been improperly obtained by Officer Guevara, who had told these witnesses to identify Mr. Johnson. Mr. Johnson was acquitted.

Mr. Johnson then brought this lawsuit alleging that Officer Guevara violated his right to due process at the criminal trials, primarily by procuring bogus witness identifications and then withholding the (exculpatory) details of the same. The Seventh Circuit has recognized Section 1983 for precisely this sort of claim. Newsome v. McCabe, 256 F.3d 747, 751-52 (7th Cir. 2001).

In sum, the issue for this trial is whether the Defendant Officer Guevara violated Mr. Johnson's constitutional rights at his criminal trial by obtaining bogus witness identifications through overly-suggestive means and then withheld these and other exculpatory details from the criminal justice system.

### B. References To Gangs Should Be Barred

When the murder at issue occurred in the late 1980s, it is true that some of the witnesses in the case were members of one of two gangs, the Spanish Cobras and the Latin Eagles. This includes Plaintiff, who was himself a member of the former.

2

Twenty years later, all of the witnesses are now entering middle age. No witness in the case is presently a gang member.

"Our Court of Appeals has repeatedly recognized 'the insidious quality' of evidence of gang membership as well as 'the damage it can do.'" Finley v. Lindsay, 1999 WL 608706, at *1-*2 (N.D.Ill. Aug. 5, 1999), citing United States v. Sargent, 98 F.3d 325, 328 (7th Cir. 1996). Because there is a "substantial risk of unfair prejudice attached to gang affiliation evidence," courts must closely scrutinize its admissibility. United States v. Irvin, 87 F.3d 860, 864-67 (7th Cir. 1996) (citing a substantial "danger of unfair prejudice" in that "[g]angs generally arouse negative connotations and often invoke images of criminal activity and deviant behavior. There is therefore always the possibility that a jury will attach a propensity for committing crimes to [witnesses] who are affiliated with gangs or that a jury's negative feelings towards gangs will influence its verdict. Guilt by association is a genuine concern whenever gang evidence is admitted.").

Based on this case law, courts in this district frequently bar references to gangs in Section 1983 cases. See Charles v. Cotter, 867 F.Supp. 648, 657-58 (N.D.Ill. 1994) ("Identifying Charles as a gang member is unfairly prejudicial insofar as it encourages the inference that Charles is an evil and menacing person. Because the court finds that the prejudicial effect of evidence of Charles' gang affiliation substantially outweighs its probative value, Charles' motion to exclude any such evidence is

granted."); Finley v. Lindsay, 1999 WL 608706, at *1-*2 (N.D.Ill. Aug. 5, 1999) ("Given the highly prejudicial nature of gang affiliation evidence and the tenuous, unsupported basis for Officers' argument that such evidence is relevant to this case at all, Finley's motion is granted. Evidence of his gang affiliation and tattoos are excluded, as is any evidence relating to Teddy or Ronald Finley."); Lopez v. City of Chicago, 2005 WL 563212, at *5 (N.D.Ill. March 8, 2005) (granting motion in limine to bar any references to the plaintiff gang member's gang membership); United States v. Davis, 2001 WL 1195729, at *2 (N.D.Ill. Oct. 9, 2001) (excluding gang references as "enormously and unfairly prejudicial" under FRE 403); Brown v. Joswiak, 2004 WL 407001, at *1 (N.D.Ill. Feb. 24, 2004) (barring without objection all references to "evidence or testimony concerning the gang affiliation or tattoos of Brown or his witnesses"). A similar conclusion is warranted here.

This Court should adhere to this case law. There is no good reason why this case cannot be tried without reference to the fact that some of the witnesses are former gang members. For example, at Mr. Johnson's post-conviction hearing, the State attempted to introduce evidence that Mr. Johnson was a gang member, and the judge sustained the objection to relevance. See Exhibit A (9/14/98 Tr. at 32). The "status" of certain witnesses (including Plaintiff) as former gang members is obviously prejudicial, and it any arguable incremental probative value is easily outweighed by the danger that the jury will be so prejudiced that no fair trial would be possible.

WHEREFORE, Plaintiff respectfully requests an order barring the Defendants from referencing the fact that witnesses in the case are former gang members.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 West Jackson Blvd., Suite 950
Chicago, Illinois 60604
(312) 362-0000

Daniel J. Stohr
222 North LaSalle Street
Suite 200
Chicago, Illinois 60601
(312) 726-1180