IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JUAN JOHNSON, | ) |
| | ) |
| Plaintiff, | ) 05 C 1042 |
| | ) |
| v. | ) Judge Grady |
| | ) |
| REYNALDO GUEVARA, and the | ) |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 8
TO BAR ALL REFERENCES TO ILLEGAL DRUGS AND/OR
TO PLAINTIFF AS AN ALLEGED DRUG DEALER**

NOW COMES Plaintiff, JUAN JOHNSON, by his counsel, and respectfully brings the following motion *in limine*.

### Discussion

There is absolutely no evidence in this case that drugs have anything to do with anything. Mr. Johnson was convicted (wrongfully, he alleges) of murdering a man during a fight outside of a party at a bar one night in 1989. That conviction was overturned, and the issue for this civil trial is whether the Defendant police officer Guevara violated Plaintiff's constitutional rights at Mr. Johnson's criminal trials.

To be clear, drugs have nothing to do with anything at issue. The alleged murder had nothing to do with drugs. Drugs had nothing to do with the resulting police investigation. There were no references to drugs at either of the criminal trials. This case has nothing to do with drugs.

Moreover, the subject of illegal drugs is enormously prejudicial and inflammatory. The case law is well-settled that

testimony on that subject is to be avoided unless absolutely necessary. See United States v. Gallardo, 497 F.3d 727, 733 (7th Cir. 2007) (discussing the possibility that witness testimony will be unduly discounted once jury hears about illegal drugs), citing United States v. Robinson, 956 F.2d 1388, 1397 (7th Cir. 1992) and United States v. Cameron, 814 F.2d 403, 405 (7th Cir. 1987). Indeed, the Seventh Circuit has been consistently clear (reaffirmed at least twice in the past two years) about the "considerable danger that evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony." Kunz v. City of Chicago, 538 F.3d 667, 677 (7th Cir. 2008); United States v. Gallardo, 497 F.3d 727, 733 (7th Cir. 2007), citing United States v. Robinson, 956 F.2d 1388, 1397 (7th Cir. 1992) and United States v. Cameron, 814 F.2d 403, 405 (7th Cir. 1987). See also Buffone v. Rosebud Restaurants, Inc., 2006 WL 2425327 (N.D.Ill. Aug. 21, 2006) ("Even if relevant, any arguable probative value of evidence about their drug use is substantially outweighed by the danger of unfair prejudice"), citing Mankey v. Bennett, 38 F.3d 353, 360 (7th Cir. 1994).

Here, where there is nothing relevant to be added at trial, any minuscule probative value is easily outweighed by the danger for unfair prejudice.

WHEREFORE, Defendants should be barred from referencing illegal drugs at trial, including any insinuations that Plaintiff allegedly is or was a drug dealer.

2

                                                                RESPECTFULLY SUBMITTED,

                                                                _____
                                                                Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 West Jackson Blvd., Suite 950
Chicago, Illinois 60604
(312) 362-0000

Daniel J. Stohr
222 North LaSalle Street
Suite 200
Chicago, Illinois 60601
(312) 726-1180