IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JUAN JOHNSON,                          )
                                       )
            Plaintiff,                 )      05 C 1042
                                       )
            v.                         )      Judge Grady
                                       )
REYNALDO GUEVARA, and the              )
CITY OF CHICAGO,                       )
                                       )
            Defendants.                )

**PLAINTIFF'S MOTION *IN LIMINE* NO. 10
TO BAR ANY SUGGESTION THAT SAL ORTIZ GOT A "VIOLATION"
FOR IMPLICATING PLAINTIFF IN THE MURDER**

NOW COMES Plaintiff, JUAN JOHNSON, by his counsel, and respectfully brings the following motion *in limine.*

**Discussion**

In prior briefing, Defendants have suggested that a witness, Virgilio Muniz, supposedly testified that one of the important alleged eyewitnesses in the case, Sal Ortiz, allegedly received a beating by gang members for testifying against Mr. Johnson.

Plaintiff concedes that if it were competent evidence to support it, this allegation would be relevant to the trial. Although it would be bad for his case, Plaintiff recognizes that there is no basis to prevent Defendants from referencing such a thing if there really was evidence to support it.

That qualification, however, is the kicker. After comprehensive discovery by both sides, there is no competent evidence to support this assertion.

Specifically, the relevant pages of Mr. Muniz' testimony are attached hereto as Exhibit A. As this Court will see, Mr. Muniz

does not purport to have any personal knowledge of the subject matter; instead, he is merely saying that he "heard" that it was true.

Rumors are not admissible. Without personal knowledge, Mr. Muniz cannot be permitted to simply repeat hearsay, particularly hearsay as apparently unreliable as this. Indeed, Mr. Ortiz flatly denies that it is true. <u>See</u> Exhibit B, 2/19/04 Crim Tr. at 145.

WHEREFORE, Defendants should be barred from suggesting that Sal Ortiz received a gang beating for testifying against Plaintiff unless and until they can satisfy the Court outside the jury's presence that there is any evidence to support it.

RESPECTFULLY SUBMITTED,

Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 West Jackson Blvd., Suite 950
Chicago, Illinois 60604

Daniel J. Stohr
222 North LaSalle Street
Chicago, Illinois 60601
(312) 726-1180

2