IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JUAN JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>REYNALDO GUEVARA, and the )<br>CITY OF CHICAGO, )<br>)<br>Defendants. ) | 05 C 1042<br><br>Judge Grady |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 11
TO BAR REFERENCES TO THE FACT THAT
CHRIS McCOY GOT "VIOLATED" FOR GROPING WOMEN
AT THE PARTY WHERE THE MURDER OCCURRED**

NOW COMES Plaintiff, JUAN JOHNSON, by his counsel, and respectfully brings the following motion *in limine*.

**Discussion**

According to several of the witnesses who were deposed, the fighting that broke out at the bar before the murder was initially triggered by Chris McCoy, who got drunk and was groping women. This precipitated a fight. Things escalated, and spilled out onto the street, where a number of fights occurred, including the fatal beating for which Plaintiff was charged.

At depositions, Defendants' counsel elicited testimony that Mr. McCoy was subjected to a "violation" for starting the trouble. A "violation" apparently occurs when gang members beat another member for a certain time period to punish transgressions.

This "violation" has no relevance to this trial. Plaintiff did not participate in it, and it had nothing to do with the

murder. Eliciting testimony about it only serves to make gang members appear more sinister and evil and organized. Any minimal probative value is outweighed by the danger of unfair prejudice.

WHEREFORE, Defendants should be barred from making reference to an alleged beating received by Chris McCoy on the night of the party.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 West Jackson Blvd., Suite 950
Chicago, Illinois 60604
(312) 362-0000

Daniel J. Stohr
222 North LaSalle Street
Suite 200
Chicago, Illinois 60601
(312) 726-1180