IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JUAN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | 05 C 1042 |
| ) | |
| v. ) | Judge Grady |
| ) | |
| REYNALDO GUEVARA, and the ) | |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 13
TO BAR ANY OPINION BY DEFENDANTS' EXPERT DR. DINWIDDIE
THAT RELIES ON PLAINTIFF'S TEST RESULTS, INCLUDING
ANY OPINION THAT THOSE RESULTS ARE "CONSISTENT WITH"
MALINGERING OR THAT THEY SHOW "PSYCHOTIC PROCESSES"**

NOW COMES Plaintiff, JUAN JOHNSON, by his counsel, and respectfully brings the following motion *in limine*.

### Discussion

Defendants' damages expert, Dr. Stephen Dinwiddie, has offered opinions on the subject of the emotional effects of Plaintiff's twelve-year term of wrongful imprisonment. Part of the basis for those opinions appears to be a battery of psychological tests performed on Mr. Johnson by a different doctor retained by the defense, Dr. Diana Goldstein.

However, Dr. Goldstein's report states in relevant part: "Unfortunately, the nature and extent of the distortions noted here [in the testing data] render Mr. Johnson's clinical profiles invalid for interpretation." Exhibit A, Goldstein report, p. 5, ¶ 1.

Under these circumstances, Dr. Dinwiddie should be barred from relying on Dr. Goldstein's data. Dr. Dinwiddie, however,

appears to want to take snippets of Dr. Goldstein's test results out of context, such as, for example, that part of his report that states that the Plaintiff's "validity scales" are "consistent with malingering." Exhibit B, Dinwiddie report, pp. 9-10.[1]

Neither Dr. Dinwiddie nor Dr. Goldstein was able to actually diagnose malingering. See Exhibits A & B. Indeed, Defendants' own Dr. Goldstein took Defendants' other expert to task for including this characterization in his report:

> . . . I have an issue with "and consistent with malingering." That is a conclusory statement. That is an incorrect paraphrase of my interpretation of the data. . . . It is not the proper interpretation of my interpretation.

Exhibit C, Goldstein Dep. 141-42.

Finally, there is an isolated sentence in Dr. Goldstein's report that two of the tests were elevated, and that "[a]t elevations such as Mr. Johnson's, psychotic processes are common." Exhibit A at 5, ¶ 3. Neither Dr. Goldstein nor Dr. Dinwiddie had enough evidence to diagnose anything "psychotic" anything in Plaintiff. Inflammatory labels such as this are unjustified, and absent evidence to support a diagnosis, all references must be excluded.

---

[1] At a jury trial, the term "consistent with" is a misleading diagnosis. Yesterday, was Sunday and the Cubs won. To conclude that Sundays and Cub wins are consistent does not add much. Nor is it informative that Mr. Johnson's data is "consistent" with a certain diagnosis, because that is not the same thing as saying that such a diagnosis was actually appropriate.

WHEREFORE, Defendants should be barred from referencing any opinion by Dr. Dinwiddie that relies on Plaintiff's test results, including but not limited to any opinion that those results are "consistent with" malingering or that they show "psychotic processes."

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 West Jackson Blvd., Suite 950
Chicago, Illinois 60604
(312) 362-0000

Daniel J. Stohr
222 North LaSalle Street
Suite 200
Chicago, Illinois 60601
(312) 726-1180