IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JUAN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | 05 C 1042 |
| ) | |
| v. ) | Judge Grady |
| ) | |
| REYNALDO GUEVARA, and the ) | |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 18
TO BAR REFERENCES TO ALL ARRESTS
THAT DID NOT LEAD TO CONVICTIONS**

NOW COMES Plaintiff, JUAN JOHNSON, by his counsel, and respectfully brings the following motion *in limine*.

### Discussion

As set forth in Plaintiff's motion *in limine* No. 1, arrests that do It is well-established in this District, as elsewhere, in civil rights cases that prior arrests that do not result in convictions are inadmissible. See Gregory v. Oliver, 2003 WL 1860270, at *1 (N.D.Ill. April 9, 2003) ("Arrests that have not lead to convictions are classic candidates for exclusion under [FRE] 404(b)"); Anderson v. Sternes, 243 F.3d 1049, 1054 (7th Cir. 2001) ("The law is clear that a defendant's prior arrest record is inadmissible, and while the reference to Anderson's past arrest was only indirect, it was still improper"); Jones v. Scientific Colors, Inc., 2001 WL 668943, at *2 (N.D.Ill. 2001) ("Whether any of the claimants have been previously arrested -- as opposed to convicted -- is a matter of slight probative value in relationship to the claims before the Court. Such inquiries

threaten more to confuse than enlighten"); Brandon v. Village of Maywood, 179 F.Supp. 2d 847, 853-55 (N.D.Ill. 2001) (carefully considering and rejecting all arguments for admission of arrest record -- such as "bias" or damages -- because prejudice outweighs probative value where officers did not know about it); Blessing v. Kulak, 1988 WL 67637, at *1 (N.D.Ill. June 22, 1988) ("The use of the evidence of prior arrests, despite defendants' arguments, is in the manner of demonstrating that Blessing had a propensity for committing burglary [and is thus] inadmissible under Rule 404(b)"); cf. Earl v. Denny's, Inc., 2002 WL 31819021, at *8 (N.D.Ill. Dec. 13, 2002) ("[A] jury may deny plaintiff a verdict and an award, not because it doubts its veracity, but because it is appalled by his prior conduct that has nothing to do with the events in question. That is precisely the kind of unfair prejudice that Rule 403 seeks to prevent").

Under all of this case law, all references to any prior arrests by any of the parties or witnesses in the case are inadmissible, and should be barred.

WHEREFORE, Plaintiff respectfully requests an order barring all references to any prior arrests by Plaintiff and/or any of the witnesses in the case that did not lead to convictions that are otherwise admissible under the Federal Rules.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 West Jackson Blvd., Suite 950
Chicago, Illinois 60604
(312) 362-0000

Daniel J. Stohr
222 North LaSalle Street
Chicago, Illinois 60601