IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JUAN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05 C 1042 |
| | ) | |
| REYNALDO GUEVARA, and the CITY OF CHICAGO, | ) ) | Judge Grady Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 8**

**DEFENDANTS' MOTION *IN LIMINE* TO BAR THE TESTIMONY OF
JOSE NEGRON AND HEARSAY TESTIMONY REGARDING NEGRON'S ALLEGED
RELATIONSHIP WITH DEFENDANT GUEVARA**

Defendants City of Chicago and Reynaldo Guevara, by and through their attorneys, James G. Sotos and Elizabeth A. Ekl of James G. Sotos & Associates, Ltd., move this Honorable Court, *in limine,* to bar Jose Negron from testifying at trial because he has never been properly disclosed as a witness. Defendants further seek to bar Plaintiff from eliciting hearsay testimony and /or making any reference to Jose Negron a/k/a "Blanquito" or "Blanco" (hereinafter "Negron") and his alleged relationship with Detective Guevara. Not only has there been no admissible evidence establishing any relationship between Negron and Guevara, but any such references will be highly prejudicial and must be barred pursuant to Federal Rules of Evidence 403, 801 and 802. In support thereof, Defendants state the following:

**A.      Jose Negron Was Not Properly Identified and Disclosed**

On March 8, 2007, Plaintiff moved this Honorable Court for leave to add Negron as a witness. (*See* Dkt. 50.) Specifically, Plaintiff argued that Negron was a potential witness "relating to the motive of Defendant Guevara to take action to wrongfully convict [him]." (Dkt.

50, para. 2.) Plaintiff's further advised the court that Negron was a resident of the U.S. Penitentiary in Lewisberg, Pennsylvania and that his sentence will terminate in 2022. (Dkt. 50, para 4; Dkt. 54, para 8.) Defendants opposed Plaintiff's motion arguing that Negron was a surprise witness being disclosed for the first time on the eve of the close of fact discovery. (Dkt. 53, para 1-2.) Ultimately, Plaintiff was given leave to add Negron as a witness for purposes of discovery. (Dkt. 56.)

In April of 2007, Plaintiff again advised Defendants that Negron was incarcerated in the Lewisburg Pennsylvania Penitentiary and Defendant's investigators attempted to contact Negron at that location to determine if he would consent to a deposition. (Ex. A, Emails from Gardiner and Strohr to Ekl; Ex. B, Affidavit of James M. Delorto.) In May 2007, Investigator Delorto received a phone call from a person who purported to be Jose Negron and who was incarcerated in the Lewisburg Penitentiary. (Ex. B) Mr. Negron indicated that he has never been to Chicago and was not involved in this case. *(Id.)* Further attempts to locate the Jose Negron identified as a witness in this case were unsuccessful. *(Id.)*

Plaintiff now lists Jose Negron on his list of witnesses that he may call at trial. Yet, Defendants have not been given an opportunity to depose Mr. Negron, have not been provided with accurate contact information for Mr. Negron that would, at a minimum, allow them to interview Mr. Negron and have not been provided any reports or transcripts in which the substance of Mr. Negron's testimony has been documented. As such, Defendants would be prejudiced due to unfair surprise if Negron were allowed himself to testify at trial. *See Boynton v. Monarch*, No. 92 C 140, 1994 WL 463905, at *2 (N.D. Ill. Aug. 25, 1994) (barring witness based

on unfair surprise whose relevance was unknown prior to the close of discovery and thus who was not deposed by defendant).

**B.      Testimony of Other Witnesses Regarding Negron's Relationship with Guevara is Inadmissible Hearsay**

Plaintiff testified at his deposition that Defendant Guevara lived with one of Plaintiff's fellow gang members, Negron, and that Guevara was involved with Negron's mother. (*See* Exhibit A, Dep Trans. J. Johnson, p. 56-57.)  Plaintiff claimed that he and others had thought that Guevara was Negron's stepfather.  (Ex. A, at 57.)  Further, Plaintiff alleged that after Negron was convicted of a 1987 murder, Guevara went on a vendetta against the Spanish Cobras.  (Ex. A, at 172-173.)

Plaintiff's brother, Henry Johnson, similarly testified that Negron was Defendant Guevara's stepson and that Guevara did not like the Spanish Cobras because of Negron's involvement with the gang.  (*See* Exhibit B, Dep. Trans. H. Johnson, p. 86.)  Further, Henry Johnson claimed that Guevara did not like the Spanish Cobras because of Negron's involvement in the gang and that he had learned this from "street talk." (Ex. B, at 88.)

However, not only are Plaintiff and his brother's assertions about Defendant Guevara's relationship with Negron wholly unsupported by anything but rumor, Defendant Guevara flatly denies any involvement in Negron's, or his mother's life.  (*See* Exhibit C, Dep. Trans. R. Guevara, p. 41-43.)  Defendant Guevara knew who Negron was and may have been involved in Negron's arrest, but Guevara was never upset with or blamed the Spanish Cobras for ruining Negron's life.  (Ex. C, at 43-45.)

As an initial matter, the testimony of Plaintiff and his brother regarding rumors on the street about Defendant Guevara's alleged relationship with Negron amount to nothing more than inadmissible hearsay and should not be allowed.  No witnesses have been identified in discovery that have personal knowledge of any intimate relationship between Jose Negron's mother and Detective Guevara, other than Jose Negron.  Testimony regarding statements made by unidentified individuals about any such relationship is hearsay and to the extent that Plaintiff will attempt to use this testimony to prove Guevara's alleged motive, the statements go to the truth of the matter asserted—that Negron is related to or has a close relationship with Guevara.  *See* Fed. R. Evid. 801 and 802.  Moreover, if Plaintiff attempts to admit the information for any other reason than the truth, it would then be wholly irrelevant and therefore precluded by Federal Rule of Evidence 401.

Further, there are no applicable hearsay exceptions that support admission of any testimony regarding the alleged relationship between Defendant Guevara and Negron.  More importantly, there is nothing in the unsupported testimony by Plaintiff and his brother that would "bear particularized guarantees of trustworthiness to be admissible." *See Bintz v. Bertrand*, 403 F.3d 859, 867-868 (7th Cir. 2005).  To the contrary, the rumors bear no indicia of reliability and have no probative value to the issues in this case.  As such, the value of the rumors is substantially outweighed by the risk of great prejudice to Defendant and any such references should, therefore, be barred at trial pursuant to Federal Rule of Evidence 403.  Accordingly, Plaintiff must be barred from eliciting hearsay testimony and/or making any reference to any alleged relationship between Defendant Guevara and Jose Negron a/k/a "Blanquito" and Guevara's alleged motive to frame Plaintiff.

WHEREFORE, Defendants respectfully request this Honorable Court enter an Order *in limine* consistent with the relief sought by this Motion.

Dated: April 23, 2009        By:     **/s Elizabeth A. Ekl**
                                                       ELIZABETH A. EKL, Attorney No. 06242840
                                                       One of the Attorneys for Defendants City of
                                                       Chicago and Reynaldo Guevara

JAMES G. SOTOS
ELIZABETH A. EKL
SARA M. CLIFFE
CHRISTINA S. WHITE
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL 60143-3156
(630) 735-3300
(630) 773-0980 (fax)

**CERTIFICATE OF SERVICE**

        I hereby certify, under penalties of perjury pursuant to 28 U.S.C.A. § 1746, that on **April 23, 2009,** I electronically filed the foregoing **Defendants' Motion *in Limine* to Bar the Testimony of Jose Negron and Hearsay Testimony Regarding Negron's Alleged Relationship with Defendant Guevara** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:   See Attached Service List.

                                                RESPECTFULLY SUBMITTED,

                                                **/s Elizabeth A. Ekl**
                                                ELIZABETH A. EKL
                                                One of the Attorneys for Defendants City of
                                                Chicago and Reynaldo Guevara

JAMES G. SOTOS
ELIZABETH A. EKL
SARA M. CLIFFE
CHRISTINA S. WHITE
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL 60143-3156
(630) 735-3300
(630) 773-0980 (fax)
Attorney No. 06242840
eekl@jsotoslaw.com

**SERVICE LIST**
*Johnson v. Guevara, et al.*, 05 C 1042

***Counsel for Plaintiff Juan Johnson:***
Jon I. Loevy
Arthur R. Loevy
Elizabeth N. Mazur
Russell R Ainsworth
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, Illinois 60607
(312) 243-5900
Email: jon@loevy.com
      loevy@loevylaw.com
      elizabethm@loevy.com
      russell@loevy.com

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 West Jackson Boulevard
Suite 950
Chicago , IL 60604
(312) 362-0000
Email: tgardiner@gkw-law.com

Amanda C Antholt
SMITH, JOHNSON & ANTHOLT LLC
112 S. Sangamon Street, Suite 3F
3rd Floor
Chicago , IL 60607
(312) 432-0400
Email: amanda@lawsja.com

Daniel J. Stohr
222 North LaSalle Street
Suite 200
Chicago , IL 60601
(312) 726-1180
Email: djs7@sbcglobal.net

***Counsel for Defendant Reynaldo Guevara:***
Arlene Esther Martin
Geri Lynn Yanow
Joseph M. Polick
Kathryn M. Doi
CITY OF CHICAGO, DEPARTMENT OF LAW
30 North LaSalle Street
Suite 1400
Chicago , IL 60602
(312) 744-6949
Fax: 312.744.6566
Email: amartin@cityofchicago.org
      glyanow@cityofchicago.org
      jpolick@cityofchicago.org
      kdoi@cityofchicago.org

***Counsel for City of Chicago:***
Mara Stacy Georges
J Ernest Mincy , III
Diane S. Cohen
CITY OF CHICAGO, DEPARTMENT OF LAW
30 North LaSalle Street
Suite 900
Chicago , IL 60602
(312) 744-9010
Email: mgeorges@cityofchicago.org
      emincy@cityofchicago.org
      dcohen@cityofchicago.org