IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JUAN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05 C 1042 |
| | ) | |
| REYNALDO GUEVARA, and the CITY | ) | Judge Grady |
| OF CHICAGO, | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 6**

**DEFENDANTS' MOTION *IN LIMINE* TO ADMIT THE TRIAL TESTIMONY OF JUAN MICHEL DELGADO**

Defendants City of Chicago and Reynaldo Guevara, by their attorneys, James G. Sotos and Elizabeth A. Ekl of James G. Sotos & Associates, Ltd., move this Honorable Court, *in limine,* to admit the previous trial testimony of witness Juan Michel Delgado pursuant to Federal Rule of Evidence 804 based on his unavailability. In support thereof, Defendants state the following:

Plaintiff alleges that Defendant Guevara violated his due process rights in that he withheld information "about the fact that he directed witnesses to pick plaintiff out of a lineup and otherwise tainted the witness identification procedure." (Amd Compl., Dkt. 78-2.) During the criminal investigation which led to Plaintiff's incarceration, Juan Michel Delgado ("Delgado") was one of the witnesses who identified Plaintiff as having been involved in the murder of Ricardo Fernandez. During Plaintiff's two subsequent criminal trials, Delgado testified that he had in fact identified Plaintiff from both photos and in a line-up at the police station as the person he observed beating the victim to death. He denied being shown

photographs while he was out on the street and that any police officer told him who to pick out. Juan Michel Delgado is a necessary party to this case. However, Defendants have not been able to secure his deposition testimony and are unable to locate him for trial. As a result, Defendants seek to introduce in the trial of this case the admission of Delgado's previous testimony from Plaintiff's criminal trials.

Federal Rule of Evidence 804(b)(1) provides a hearsay exception for the admission of previous testimony of an unavailable declarant, either in the same or different proceeding, "if the party against whom the testimony is now offered . . . [or] a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Indeed, the Seventh Circuit has found that "this is one of the solidest exceptions to the hearsay rule." *Rice v. McCann*, 339 F.3d 546, 551 (7th Cir. 2003) (citing *Ohio v. Roberts*, 448 U.S. 56, 66 (1980)). The exception is most strongly based on the fact that the hearsay statement has been subject to cross-examination. *See id.*

Defendants first attempted to secure Delgado's deposition testimony in 2006. (*See* Exhibit A, Affidavit of James Delorto.) At that time, Defendants' only contact information for Delgado consisted of a phone number. *Id.* During a phone conversation with Delgado on November 30, 2006, Delgado indicated that he would be willing to sit for a deposition in the future. *Id.* In 2007, Defendants' investigators located Delgado at an address in Tampa, Florida. *Id.* However, Delgado advised investigators at that time that he did not want to get involved in the civil litigation, that he was not willing to provide a deposition and that he was in the process of moving, "somewhere no one will be able to find [me.]" *Id.* Subsequent attempts to contact Delgado at the Tampa, Florida address were unsuccessful.

On February 20, 2009, Plaintiff's counsel contacted Defense counsel, Ms. Cliffe, and indicated that he had been in contact with Delgado and he was again willing to sit for a deposition. (*See* Exhibit B, Affidavit of Sara M. Cliffe.) Thereafter, Ms. Cliffe made phone contact with Delgado who admitted that while he had told Plaintiff's counsel that he would sit for a deposition, he was no longer willing to do so. *Id.* Numerous additional attempts to contact Delgado were unsuccessful. *Id.* To date, Delgado's specific whereabouts have not been confirmed. *Id.*

As Delgado's whereabouts are seemingly unknown and he has not yet been subpoenaed for trial by Plaintiff, Defendants believe that he is "unavailable" within the meaning of Federal Rule of Evidence 804(a)(5) and seek to enter relevant portions of his prior testimony at trial pursuant to Federal Rule of Evidence 804(b)(1). During both trials, Plaintiff's counsel had an opportunity to cross-examine Delgado regarding issues relevant to this case, namely Delgado's identification of Plaintiff and the circumstances surrounding that identification.

Specifically, during the first trial, Delgado testified that he traveled to the police station and looked at gang books (*See* Exhibit C, Trial Trans. Jan. 11, 1990, p. 34); that he picked Plaintiff's picture out of a gang book (Ex. C, at 35); that he participated in a line-up and nobody told him who to pick out of the line-up (Ex. C, at 36); that he picked Plaintiff out of the line-up (Ex. C, at 37); that Defendant Guevara asked him to participate in the line-up (Ex. C, at 75); and, that the first police officer he talked to about the murder was Defendant Guevara (Ex. C, at 82, 84). During the second trial, Delgado testified consistently that one of the first police officers he talked to was Defendant Guevara (Exhibit D, Trial Trans. Feb. 18, 2004, p. 89); that he traveled

3

to the police station with Defendant Guevara (Ex. D, at 114); and, that Guevara did not tell him who to pick out of the line-up (Ex. D, at 116).

Against that backdrop, Delgado's previous testimony must be admitted over any hearsay objections that Plaintiff asserts. Not only was Delgado subject to cross-examination by Plaintiff's counsel once, but twice. Both times, Delgado was questioned about his interactions with Guevara and questioned specifically as to whether Guevara had influenced his identification of Plaintiff. Plaintiff, both now and during his criminal trials had the same motive: to show that Guevara coerced Delgado's identification. The fact that Plaintiff failed to show that Delgado's identification of him was in any way spurious during the criminal trials does not now allow him to preclude Delgado's testimony which should be rightly admitted under the "solidest" hearsay exception. Moreover, not only did Plaintiff have the opportunity to cross-examine Delgado, and have the same motive as he currently has, but Plaintiff's current counsel, Mr. Dan Stohr, was also his trial counsel. Indeed, Mr. Stohr has been representing Plaintiff since at least 1992. (See Exhibit E, Mot. for Post-Conviction Relief, signed by Mr. Stohr.)

WHEREFORE, Defendants respectfully request this Honorable Court enter an Order *in limine* finding witness Juan Michel Delgado "unavailable" within the meaning of Federal Rule of Evidence 804 and similarly allow Defendants to enter his previous trial testimony into evidence.

Dated: April 23, 2009      By:     **/s Elizabeth A. Ekl**
                                                    ELIZABETH A. EKL, Attorney No. 06242840
                                                    One of the Attorneys for Defendants City of Chicago and Reynaldo Guevara

JAMES G. SOTOS
ELIZABETH A. EKL
SARA M. CLIFFE
CHRISTINA S. WHITE
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL 60143-3156
(630) 735-3300
(630) 773-0980 (fax)

4

## **CERTIFICATE OF SERVICE**

   I hereby certify, under penalties of perjury pursuant to 28 U.S.C.A. § 1746, that on **April 23, 2009,** I electronically filed the foregoing **Defendants' Motion *in Limine* to Admit the Trial Testimony Of Juan Michel Delgado** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record: See Attached Service List.

              RESPECTFULLY SUBMITTED,

              **/s Elizabeth A. Ekl**
              ELIZABETH A. EKL
              One of the Attorneys for Defendants City of
              Chicago and Reynaldo Guevara

JAMES G. SOTOS
ELIZABETH A. EKL
SARA M. CLIFFE
CHRISTINA S. WHITE
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL 60143-3156
(630) 735-3300
(630) 773-0980 (fax)
Attorney No. 06242840
eekl@jsotoslaw.com

**SERVICE LIST**
*Johnson v. Guevara, et al.*, 05 C 1042

***Counsel for Plaintiff Juan Johnson:***

Jon I. Loevy
Arthur R. Loevy
Elizabeth N. Mazur
Russell R Ainsworth
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, Illinois 60607
(312) 243-5900
Email: jon@loevy.com
    loevy@loevylaw.com
    elizabethm@loevy.com
    russell@loevy.com

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 West Jackson Boulevard
Suite 950
Chicago , IL 60604
(312) 362-0000
Email: tgardiner@gkw-law.com

Amanda C Antholt
SMITH, JOHNSON & ANTHOLT LLC
112 S. Sangamon Street, Suite 3F
3rd Floor
Chicago , IL 60607
(312) 432-0400
Email: amanda@lawsja.com

Daniel J. Stohr
222 North LaSalle Street
Suite 200
Chicago , IL 60601
(312) 726-1180
Email: djs7@sbcglobal.net

***Counsel for Defendant Reynaldo Guevara:***

Arlene Esther Martin
Geri Lynn Yanow
Joseph M. Polick
Kathryn M. Doi
CITY OF CHICAGO, DEPARTMENT OF LAW
30 North LaSalle Street
Suite 1400
Chicago , IL 60602
(312) 744-6949
Fax: 312.744.6566
Email: amartin@cityofchicago.org
    glyanow@cityofchicago.org
    jpolick@cityofchicago.org
    kdoi@cityofchicago.org

***Counsel for City of Chicago:***

Mara Stacy Georges
J Ernest Mincy , III
Diane S. Cohen
CITY OF CHICAGO, DEPARTMENT OF LAW
30 North LaSalle Street
Suite 900
Chicago , IL 60602
(312) 744-9010
Email: mgeorges@cityofchicago.org
    emincy@cityofchicago.org
    dcohen@cityofchicago.org