IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JUAN JOHNSON, | ) |
| | ) |
| Plaintiff, | ) 05 C 1042 |
| | ) |
| v. | ) Judge Grady |
| | ) |
| REYNALDO GUEVARA, and the | ) |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 9
TO BIFURCATE THE ISSUE OF PUNITIVE DAMAGES**

NOW COMES Plaintiff, JUAN JOHNSON, by his counsel, and respectfully brings the following motion *in limine.*

### Discussion

There are two persuasive reasons to bifurcate the issue of punitive damages from liability at this trial. First, evidence that is relevant to punitive damages may be too prejudicial to be admissible in the liability phase, and, second, Defendant Guevara may intend to open the door to indemnification of a compensatory verdict by pleading poverty or otherwise suggesting that any punitive damage award would work a hardship. The solution, as discussed below, as to bifurcate punitive damages, as multiple other courts in this district have done.

**A.  Evidence Relating To Other Misconduct By Guevara Is Admissible For Purposes Of Punitive Damages**

Evidence relating to Defendant Guevara's alleged misconduct is relevant to the question of punitive damages. BMW of North America, Inc. v. Gore, 517 U.S. 559, 577 (1996) (a "recidivist may be punished more severely than a first offender" because

"repeated misconduct is more reprehensible"). In analyzing recidivism, courts should look to "the existence and frequency of similar past misconduct." Pacific Mut. Life Ins. Co. v. Halsip, 499 U.S. 1, 21-22 (1991). "[E]vidence of other acts need not be identical to have relevance in the calculation of punitive damages." State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 423 (2003).

Punitive damages are an issue at this trial. This would make the evidence of prior misconduct relevant. However, in the Rule 404(b) context, this Court has already stated its belief that if the jury heard about the other allegations of misconduct, it would be difficult for Defendant Guevara to get a fair trial, protective jury instruction notwithstanding.

There is a solution. If the Court bifurcates the issue of punitive damages from the rest of the trial, the evidence would not risk tainting the question of liability. There is plenty of precedent for proceeding in this fashion. For example, during a trial between undersigned counsel and the City this past Summer before Judge Zagel, Defibaugh v. City of Chicago, 04 C 6868, the Defendant Officers announced an intention to plead poverty as a defense to punitive damages, which triggered the corresponding right to introduce evidence of indemnification of any compensatories. Before the trial, Judge Zagel mooted the issue by bifurcating the issue of punitive damages from the rest of the trial. In that case, the jury came back in Plaintiff's favor, after which Judge Zagel directed the jurors to remain available

2

for a short punitive damage phase, though the case settled very quickly at that point and the punitive phase proved unnecessary.

A similar order was entered in a trial this past Fall between undersigned counsel and the City in case before Judge Holderman, <u>Booker v. City of Chicago</u>, 04 C 6371. Punitive damages were bifurcated before trial. After the jury returned a verdict for the plaintiff and awarded compensatory, the Court immediately convened a punitive damages trial, which involved only one witness (the Defendant Officer). With a brief opening and closing, the entire punitive damage phase took less than an hour, followed by several hours of deliberation.

### B. Bifurcating The Issue Of Punitive Damages Also Solves The Problem Of How To Instruct The Jury About Indemnification

There is a second reason to bifurcate punitive damages at this trial. Last week, Defendant Guevara has stated his intention to move to bar the jury from learning that any compensatory verdict is indemnified by the City of Chicago. Such an order would obviously be appropriate, unless Defendant Guevara intends to "plead poverty" or otherwise imply that a punitive damages award would create a financial hardship for him. Should Guevara put on any defense along those lines, Plaintiff is entitled to inform the jury that it is only the punitive damage award that is indemnified, not a compensatory award. See <u>Lawson v. Trowbridge</u>, 153 F.3d 368, 379-380 (7th Cir. 1998) (abuse of discretion constituting reversible error to permit defense to put on evidence of their financial condition without permitting

3

plaintiff to introduce rebuttal evidence of indemnification).

Every single decision in this District on the question that Plaintiff could find reported in Westlaw came to this same conclusion: once the Defendant opens the door by implying hardship, the Plaintiff is entitled to inform the jury that any compensatory verdict is indemnified. See Moore v. City of Chicago, 2008 WL 4549137, *5 (N.D.Ill. April 15, 2008) (Moran, J.) ("The motion to bar mention of indemnity is granted, except as to the extent defendant officers open the door by offering evidence that they are not financially capable of paying compensatory damages to plaintiff. In that event, the court, with the help of the parties, will fashion an appropriate jury instruction to inform the jury that the defendant officers will be indemnified as to compensatory, but not punitive, damages."); Galvan v. Norberg, 2006 WL 1343680, at *2 (N.D.Ill. May 10, 2006) (Shadur, J.) ("But defense counsel should be aware that if they plan to apprise the jury of the fact that the individual officers will have to bear such [punitive] damages out of their own pockets, fairness would require that the jury also be informed of the true situation (indemnification) as to compensatory damages"); Mohr v. Chicago Sch. Reform Bd. of Trustees, 155 F.Supp.2d 923, 928-29 (N.D.Ill. 2001) (Bucklo, J.) ("defendants insisted on arguing that Clark and Jernigan would suffer financial hardship if they had to pay a judgment, and I warned them, before closing, that this argument would open the door to the fact of indemnification") (relying on "legal scholar" John R.

4

Williams, *Representing Plaintiffs in Civil Rights Litigation under Section 1983*, 619 PLI/Lit 127, at 555 (1999) ("[O]nce a defendant has opened up the area, by presenting evidence concerning his financial affairs, the plaintiff has an absolute right to introduce evidence that the defendant will be indemnified and the exclusion of such evidence is reversible error").[1]

Given this case law the best solution is to bifurcate the issue of compensatory damages from punitive damages. That would

---

[1] See also Rosario v. City of Chicago, 2008 WL 905874, *6 (N.D.Ill. April 1, 2008) ("To earn the benefit of this Court's ruling excluding evidence as to indemnification, Witt and his counsel must be circumspect in avoiding any statement or implication as to Witt's financial situation. If any such statement or implication that might create the flipside risk identified here were to take place, this Court would not hesitate to instruct the jury as a matter of law that Witt is entitled to indemnification as to compensatory but not as to punitive damages. Thus Witt and his counsel have total control over the enforcement of this Court's ruling on the subject."); Bursley v. Surane, 2006 WL 1120577, *1 (N.D.Ill. April 26, 2006) (Conlon, J.) ("If Surane contends at trial that he would be unable to pay any damages, Bursley may introduce evidence about indemnification to rebut this contention"); Kies v. City of Aurora, 156 F.Supp.2d 970, 978 (N.D.Ill. 2001) (Alesia, J.) ("If defendants do offer evidence or argument that Smith is unable to personally satisfy a judgment against him, Kies will be allowed to introduce rebuttal evidence of liability insurance"); Munley v. Carlson, 125 F.Supp.2d 1117, 1119 (N.D.Ill. 2000) ("If Carlson does offer evidence or argument that he is unable to personally satisfy a judgment against him, I will allow Munley to introduce rebuttal evidence of liability insurance"); Redmond v. City of Chicago, 2008 WL 539164, *5 (N.D.Ill. Feb. 26, 2008) ("if Defendants decide to introduce evidence of the Defendant Officers' financial resources for the punitive damages issue, Redmond may request that the court revisit the issue of the introduction of evidence of indemnification"); Regalado v. City of Chicago, 1998 WL 919712, *1 (N.D.Ill. Dec. 30, 1998) ("if defense counsel were to suggest directly or indirectly that a verdict against either or both Officers would entail some level of personal financial hardship, that would open the door to a showing that City would really bear the financial burden").

permit the Court to exclude otherwise admissible evidence at the liability phase without any prejudice to either side, and it would solve the problem regarding indemnification instructions.

Unfortunately, Plaintiff's counsel did not have time to raise this issue with defense counsel before filing this motion. Perhaps, upon reviewing the motion, defense counsel will see the wisdom in this proposal and agree to proceed in this fashion. After all, bifurcation of the punitive damages is quite plainly in the interests of Defendant Guevara.

WHEREFORE, Plaintiff respectfully requests an order bifurcating the issue of punitive damages at trial.

RESPECTFULLY SUBMITTED,

Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 West Jackson Blvd., Suite 950
Chicago, Illinois 60604
(312) 362-0000

Daniel J. Stohr
222 North LaSalle Street
Suite 200
Chicago, Illinois 60601