IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JUAN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05 C 1042 |
| | ) | |
| REYNALDO GUEVARA, and the CITY OF CHICAGO, | ) ) | Judge Grady<br>Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 13**

**DEFENDANTS' MOTION *IN LIMINE* TO BAR ANY REFERENCE TO ANY ALLEGATION OF MISCONDUCT BY DEFENDANT GUEVARA HAVING NOTHING TO DO WITH THE FABRICATION OF EVIDENCE**

Defendants City of Chicago and Reynaldo Guevara, by and through their attorneys, James G. Sotos and Elizabeth A. Ekl of James G. Sotos & Associates, Ltd., move this Honorable Court, *in limine,* to bar Plaintiff from making any reference to any Complaint Register, lawsuit, accusation or other indicia of character or reputation relating to any allegation that Defendant Guevara (or any other non-party officer) engaged in misconduct having nothing to do with the alleged fabrication of evidence.[1] Reference to such allegations constitutes improper character evidence under Fed.R.Evid. 404. Moreover, such references are inadmissible and irrelevant, and any probative value they might have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. (Fed.R.Evid. 401, 402 and 403.)

---

[1] Defendants previously filed a motion to bar any testimony about, or references to, other alleged acts of misconduct by Defendant Guevara that relate to the fabrication of evidence. *See* Dkt. 133, Defendants' Motion to Bar Testimony of Certain 404(b) Witnesses Identified by Plaintiff, filed October 29, 2008. That motion was granted on April 21, 2009. (Dkt. 174.)

Fed.R.Evid. 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." To be admissible, the evidence must (1) be directed toward establishing a matter in issue other than the defendant's propensity to commit the wrong charged, (2) show that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) be sufficient to support a jury finding that the person committed the similar act, and (4) have sufficient probative value so as not to be substantially outweighed by the danger of unfair prejudice. *Treece v. Hochstetler*, 213 F.3d 360, 363 (7th Cir. 2000). The party offering the evidence under Rule 404(b) bears the burden of explicitly articulating which exception to the general rule applies. *Jones v. Hamelman*, 869 F.2d 1023, 1027 (7th Cir. 1989).

For this motion, the second prong is key: the underlying facts must be sufficiently similar to the pending matter and have occurred close enough in time to be relevant. *U.S. v. Zapata*, 871 F.2d 616, 621 (7th Cir. 1989). To ensure the evidence at issue is not offered to establish a defendant's propensity to commit the acts of which he is accused, courts require that "the prior bad acts evidence bear a 'singular strong resemblance to the pattern' of the offense charged." *Treece,* 213 F.3d at 363 (citations omitted). The two sets of acts must bear characteristics that are "sufficiently idiosyncratic to permit an inference of a pattern" for purposes of proof. *Id.*, citing *U.S. v. Shackleford*, 738 F.2d 776, 783 (7th Cir. 1984) (internal quotation marks and citation omitted). "Whether a prior bad act is similar enough to speak to an issue that 404(b) deems legitimate is case specific and depends on the theory employed by the party lobbying for admission." *U.S. v. Brown*, 250 F.3d 580, 585 (7th Cir. 2001). In this case, Plaintiff cannot meet his burden to allow such references into evidence.

In this trial, Plaintiff's only legally-operative claim is that Defendant Guevara withheld information and suppressed evidence that Plaintiff was deliberately and falsely identified as a murderer through Defendant Guevara's egregious manipulation of witnesses. *See e.g.* Amd. Cmpl., Dkt. No. 77, at ¶¶ 16-18, 26-27.) "[A] constitutional claim for damages arises in the identification context only if the officer conceals information tending to undercut the identification from prosecutors or the defense." *Manning v. Buchan*, 357 F. Supp.2d 1036, 1043 (N.D. Ill. 2004), citing *Newsome v. McCabe*, 256 F.3d 747, 749 (7th Cir. 2003.) Thus, any reference to an alleged act of misconduct unrelated to a claim of fabrication or suppression of identification evidence would be especially improper under Fed. R. Evid. 404, since it would not bear a "singular strong resemblance" or be "sufficiently idiosyncratic" to the allegations against Defendant Guevara here.

This Court has already recognized the important distinction in this case between allegations of fabricating evidence and allegations of other types of misconduct. On April 11, 2007, in ruling on the parameters of *Monell* discovery, the Court stated:

> I think anything that goes to fabrication of evidence against a person, such as suborning perjury, suppressing evidence, is relevant. Abusing somebody physically is apples and oranges. So I will order the City to produce *Monell* evidence tending to show that the Defendant Guevara on other occasions suppressed evidence favorable to arrested persons or procured false testimony implicating other persons in criminal offenses. I will not order the production of anything having to do with physical abuse.

(Transcript of April 11, 2007, attached as Exhibit A, at 6.) Consistent with this ruling, although Plaintiff is aware of allegations of misconduct against Defendant Guevara for actions such as excessive force or verbal abuse, Plaintiff should be barred from referring to any allegations that have nothing to do with fabricated evidence or the related issues in this trial.

3

Moreover, even if there were some probative value in admitting this type of evidence, that probative value would be overwhelmingly outweighed by the danger of unfair prejudice and should be barred both by the fourth prong of the *Treece* test as well as by Fed. R. Evid. 403. *See also*, *Berkovich v. Hicks*, 922 F. 2d 1018, 1022 (2nd Cir. 1991) (holding that the admission of evidence of other complaints against officers was irrelevant and overwhelmingly prejudicial to the defendant); *Lataille v. Ponte*, 754 F.2d 33 (1st Cir. 1985) (holding that it was prejudicial error to admit past disciplinary record); *Walker v. County of Cook*, No. 05-CV-5634, 2009 WL 65621, at *2 (N.D. Ill. 2009) (granting motion *in limine* where plaintiff failed to show the prior bad act was either sufficiently related to the allegations in the case or that the evidence was not substantially outweighed by its prejudicial effect.)

Finally, these same arguments would also apply if Plaintiff sought to introduce any evidence of other litigation and/or complaints against any non-defendant police officer witnesses who might be called to testify in these proceedings.

WHEREFORE, Defendants respectfully request this Honorable Court enter an Order *in limine* consistent with the relief sought by this Motion.

Dated: April 28, 2009     by:     **/s Elizabeth A. Ekl**
ELIZABETH A. EKL, Attorney No. 06242840
One of the Attorneys for Defendants City of Chicago and Reynaldo Guevara

JAMES G. SOTOS
ELIZABETH A. EKL
SARA M. CLIFFE
CHRISTINA S. WHITE
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL 60143-3156
(630) 735-3300
(630) 773-0980 (fax)

## CERTIFICATE OF SERVICE

       I hereby certify, under penalties of perjury pursuant to 28 U.S.C.A. § 1746, that on **April 28, 2009,** I electronically filed the foregoing **Defendants' Motion *in Limine* to Bar Any Reference to Any Allegation of Misconduct by Defendant Guevara Having Nothing to Do with the Fabrication of Evidence** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:   See Attached Service List.

                              RESPECTFULLY SUBMITTED,

                              **/s Elizabeth A. Ekl**
                              ELIZABETH A. EKL
                              One of the Attorneys for Defendants City of Chicago and Reynaldo Guevara

JAMES G. SOTOS
ELIZABETH A. EKL
SARA M. CLIFFE
CHRISTINA S. WHITE
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL 60143-3156
(630) 735-3300
(630) 773-0980 (fax)
Attorney No. 06242840
eekl@jsotoslaw.com

**SERVICE LIST**
*Johnson v. Guevara, et al.*, 05 C 1042

***Counsel for Plaintiff Juan Johnson:***
Jon I. Loevy
Arthur R. Loevy
Elizabeth N. Mazur
Russell R Ainsworth
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, Illinois 60607
(312) 243-5900
Email: jon@loevy.com
      loevy@loevylaw.com
      elizabethm@loevy.com
      russell@loevy.com

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 West Jackson Boulevard
Suite 950
Chicago , IL 60604
(312) 362-0000
Email: tgardiner@gkw-law.com

Amanda C Antholt
SMITH, JOHNSON & ANTHOLT LLC
112 S. Sangamon Street, Suite 3F
3rd Floor
Chicago , IL 60607
(312) 432-0400
Email: amanda@lawsja.com

Daniel J. Stohr
222 North LaSalle Street
Suite 200
Chicago , IL 60601
(312) 726-1180
Email: djs7@sbcglobal.net

***Counsel for Defendant Reynaldo Guevara:***
Arlene Esther Martin
Geri Lynn Yanow
Joseph M. Polick
Kathryn M. Doi
CITY OF CHICAGO, DEPARTMENT OF LAW
30 North LaSalle Street
Suite 1400
Chicago , IL 60602
(312) 744-6949
Fax: 312.744.6566
Email: amartin@cityofchicago.org
      glyanow@cityofchicago.org
      jpolick@cityofchicago.org
      kdoi@cityofchicago.org

***Counsel for City of Chicago:***
Mara Stacy Georges
J Ernest Mincy , III
Diane S. Cohen
CITY OF CHICAGO, DEPARTMENT OF LAW
30 North LaSalle Street
Suite 900
Chicago , IL 60602
(312) 744-9010
Email: mgeorges@cityofchicago.org
      emincy@cityofchicago.org
      dcohen@cityofchicago.org