# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
### Eastern Division

Juan Johnson

                Plaintiff,

v.                                    Case No.: 1:05−cv−01042
                                            Honorable John F. Grady

Reynaldo Guevara, et al.

                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, April 11, 2007:

      MINUTE entry before Judge John F. Grady :Status hearing held on 4/11/2007. City of Chicago to produce Monell evidence tendency to show defendant Guevara on other occasions suppressed evidence favorable to arrested person or procured false testimony implicating other person in criminal offenses.Mailed notice(jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUAN JOHNSON,                      )    Docket No. 05 C 1042
                                   )
            Plaintiff,             )
                                   )
    vs.                            )    Chicago, Illinois
                                   )    April 11, 2007
REYNALDO GUEVARA, CITY OF CHICAGO, )    10:30 o'clock a.m.
                                   )
            Defendants.            )

TRANSCRIPT OF PROCEEDINGS - STATUS
BEFORE THE HON. JOHN F. GRADY

APPEARANCES:

For the Plaintiff:      GARDINER KOCH & WEISBERG
                        BY:  MR. THOMAS G. GARDINER
                             MR. DANIEL J. STOHR
                        53 West Jackson Boulevard
                        Suite 950
                        Chicago, Illinois 60604

For the Defendants:     JAMES G. SOTOS & ASSOCIATES, LTD.
                        BY:  MS. ELIZABETH A. EKL
                        550 East Devon
                        Suite 150
                        Itasca, Illinois 60143





                        MARY M. HACKER
         219 South Dearborn Street - Suite 1426
                   Chicago, Illinois 60604
                        (312) 435-5564

1    THE CLERK: 05 C 1042, Johnson versus Guevara.

2    MR. GARDINER: Good morning, your Honor. Tom
3 Gardiner and Dan Stohr, on behalf of the plaintiff.

4    THE COURT: Good morning.

5    MS. EKL: Good morning, your Honor. Elizabeth Ekl,
6 on behalf of the defendants.

7    THE COURT: I have the plaintiff's memorandum
8 regarding Monell discovery. What was our plan here? Were we
9 going to see what the issues were and then the defendant would
10 want to respond or what?

11    MS. EKL: Judge, actually -- on prior court occasions
12 I had specifically asked that counsel define exactly what
13 their Monell claim was. You had asked them to come prepared
14 to address that issue today.

15    THE COURT: After reading your memorandum, Mr.
16 Gardiner, what I'm wondering is what kind of evidence you
17 would hope to develop that would show that the city knew of
18 these prior acts of misconduct by Guevara?

19    MR. GARDINER: Well, I think --

20    THE COURT: That, I take it, is your Monell inquiry.

21    MR. GARDINER: That's correct, Judge.

22    We would be seeking, of course, to have cases that
23 were similar to this one, with the improper influencing of
24 witnesses in connection with cases.

25    And it's our -- I think in our prior court appearance

there was discussion as to whether that would extend to acts of brutality or threats of violence and things like that. And we believe under the Solache case and the cases that we've cited, that it would extend to that; and that if their -- what we would be showing is a pattern of conduct by this officer that would place the City of Chicago on notice of his conduct in the past and establish a pattern under Monell.

And we have a circumstance here that I think is unique in some ways in that this officer has been the subject of some 40 cases in which his --

THE COURT: This is unusual. I don't think I've ever had one quite like this.

What does the city say about that?

MS. EKL: Well, Judge, the allegations in this case are very narrow. The officer in this case was alleged to have gone out and talked to witnesses and influenced them to go in and identify the defendant in this case.

His only contact with the defendant is that he brought the defendant to the station. He's not accused of interrogating, coercing, physically abusing the defendant in this case. It's merely -- he's accused of fabricating evidence -- or causing these witnesses to falsely identify Juan Johnson.

The plaintiffs are trying to bring in prior allegations of physical abuse against other individuals in

order to prove a Monell claim against Guevara in this case.

THE COURT: I think that there are prior instances of false accusations that the plaintiff is interested in. That sounds to me like it would be a relevant inquiry.

I don't know about the physical abuse. What relevance would that have?

MR. GARDINER: Well, it's the same sort of thing. It's still improper coercion.

THE COURT: No, I don't think so. It seems to me suborning perjury and using excessive force are different things.

MR. GARDINER: Judge, in the Solache case the Court dealt with exactly that issue and the Court said that the technical distinction between abuse, influenced versus physical, does not appear useful in determining whether allegations in question are relevant to establishing a pattern and practice.

And we think that here the physical abuse or threats of physical abuse are exactly what one of the witnesses has testified to in his deposition.

THE COURT: What do I tell the jury if all you have is prior instances of physical abuse of which the city was aware? That's all you have.

What do I tell the jury to do with that on the charge of city responsibility for false accusations? What is the

Case: 1:05-cv-01042 Document #: 206-2 Filed: 04/28/09 Page 6 of 11 PageID #:1659

5

logical sequence of reasoning?

MR. GARDINER: To me, it's still improperly influencing witnesses, whether it's through physical coercion or through threats or through telling people what to do. It's all in the same grouping.

THE COURT: Well, maybe I misunderstand what the physical abuse is. I thought that these other instances involved physical abuse of the person charged with the offense.

You're saying that Guevara on previous occasions used physical abuse against witnesses to get them to testify against other people?

MR. GARDINER: Yes, I believe that we have that as well in some cases.

THE COURT: Well, I think that would be relevant. But I don't think that abusing defendants in other cases, physically abusing them, has a logical connection.

Now, on the other hand, if the Seventh Circuit says yes, what am I going to do?

MS. EKL: Judge, I would point out the Solache case they keep referring to is a state court case dealing with prior bad acts. It's not dealing with --

THE COURT: Oh, it's a state court case?

MS. EKL: Yes.

THE COURT: Well, then, I wouldn't hesitate to

disagree. And I do. But in fairness, I ought to read it, which I haven't done.

MR. GARDINER: Well, Judge, we've also cited the Newsome case, which is a Seventh Circuit case which deals with a similar issue, in which the Seventh Circuit recognized a free-standing due process claim where an individual police officer withholds exculpatory evidence.

And our view here would be that in the prosecution of Juan Johnson there was not disclosed --

THE COURT: I think there's a kinship there that would make that admissible. I think anything that goes to fabrication of evidence against a person, such as suborning perjury, suppressing evidence, is relevant. Abusing somebody physically is apples and oranges.

So I will order the city to produce Monell evidence tending to show that the Defendant Guevara on other occasions suppressed evidence favorable to arrested persons or procured false testimony implicating other persons in criminal offenses.

I will not order the production of anything having to do with physical abuse.

Now, if it's a matter of everything being all mixed up and there happens to be some physical abuse involved, there's no point in bending over backwards to eliminate the physical abuse.

      MS. EKL: Judge, actually we've already tendered everything to counsel. That's kind of the problem. They have every allegation against Guevara, including allegations that he suborned -- or that he was insubordinate to his superior --

      MR. GARDINER: Judge, that's not correct, if I may.

      The city has produced OPS complaints in the second Juan Johnson trial, where Juan Johnson was acquitted. OPS complaints were produced that have not been produced, and we in the second case only were permitted --

      THE COURT: Let me interrupt. Would what I just said cover what you want?

      MR. GARDINER: I believe so.

      THE COURT: All right.

      MS. EKL: Judge, we do not have anything in our possession that hasn't been destroyed pursuant to a retention policy that hasn't been tendered to counsel. We have tendered every --

      THE COURT: I'm going to enter the order anyway, and if you have already complied with it, there's no problem.

      But discuss this. It sounds like something you need to discuss. I don't think I can get to the bottom of it today. You say you produced everything you have and they seem to think otherwise.

      MS. EKL: I don't think it's really a matter of production. I think it's a matter of -- we're now going into

the phase of taking discovery, taking depositions, and they have listed a litany of witnesses, including every witness who was a victim in one of his CRs.

Our problem is that we are going to be litigating this case for years if I'm going to be taking discovery --

THE COURT: I'm not going to permit depositions of anybody who will testify only about physical abuse by Guevara. That's out.

MS. EKL: Okay. Thank you, Judge. That's what we were seeking.

THE COURT: Okay.

MR. GARDINER: Judge, if I may mention one thing just so that the Court is clear.

The Solache case that we're referring to, the subject police officer is -- the case that came down in December of '06 -- is Guevara.

THE COURT: I don't care.

MR. GARDINER: Okay.

THE COURT: That would be very relevant to a state court judge.

And I think counsel has a point here. I mean, if we're ever going to get this case in shape to try it, you have to --

MR. GARDINER: I understand, Judge. I think we can narrow it. It just, you know -- our hope is that the Court

would see that what we're really talking about here is improperly influencing witnesses. And, you know, one can say I'm going to frame you, one can say I'm going to beat you or one can beat the witness, and the --

THE COURT: I've already indicated that if there's any evidence that somebody was beaten to induce that person to testify falsely against another person, that's admissible. You can discover that. I can't make it any clearer. Okay?

Is there a pending motion?

MS. EKL: There is, Judge, a pending motion to dismiss the false arrest claim.

MR. GARDINER: That's not up today, Judge. That's briefed -- or there is a briefing schedule set.

THE COURT: I haven't looked at that.

MS. EKL: We're in the middle of the briefing schedule.

THE COURT: Oh, I see.

But as far as the Monell issue, was there a motion on that?

MS. EKL: No.

THE COURT: No. Okay.

All right. Well, I've told you what I thought. Remember it because I won't. Okay? All right.

MS. EKL: Thank you, Judge.

MR. GARDINER: Thank you, your Honor.

(Which were all the proceedings had at the hearing of the within cause on the day and date hereof.)

CERTIFICATE

I HEREBY CERTIFY that the foregoing is a true, correct and complete transcript of the proceedings had at the hearing of the aforementioned cause on the day and date hereof.

_____    4-19-07
Official Court Reporter              Date
U.S. District Court
Northern District of Illinois
Eastern Division