IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JUAN JOHNSON,                        )
                                     )    No. 05 C 1042
            Plaintiff,               )
                                     )    Judge Grady
        vs.                          )
                                     )
REYNALDO GUEVARA, et al.,            )
                                     )
            Defendants.              )
                                     )    JURY TRIAL DEMANDED

**PLAINTIFF'S RESPONSE AND COUNTER-PROFFER REGARDING ADMISSIBILITY
OF REFERENCES TO STREET GANGS**

Now comes Plaintiff, Juan Johnson, by his counsel, and respectfully makes this counter-proffer regarding the admissibility of references to street gangs.

On April 29, 2009, this Court granted Plaintiff's Motion in Limine No. 4, thereby barring references to street gangs. That decision was correct and there is no need to change course now.

On May 15, 2009, Defendants made a proffer regarding gang references. Defendants' proffer offered three reasons that they should be allowed to discuss street gangs: (1) to explain Defendant Guevara's role within the Chicago Police Department, (2) to provide a motive for Plaintiff to murder Ricardo Fernandez, and (3) to explain why Sam Perez was motivated to identify Plaintiff as Mr. Fernandez's killer in 1989 and then motivated to testify in 2004 that Plaintiff did not kill Mr. Fernandez. This Court rejected Defendants' proffer on the first day of trial, June 8, 2009.

The Court was correct to exclude gang references, for the reasons stated by the Court, explained in Plaintiff's Motion in Limine No. 4, and discussed during the April 29 argument on the parties' motions in limine. In addition, Plaintiffs offer this counter-proffer to illustrate the evidentiary weakness of Defendants' argument that gang affiliations should be admitted.

**I.       Gang Affiliations Should Be Excluded**

Although Defendants would like this Court to believe that gang affiliations must always be admitted or else this Court will have committed reversible error, in fact, appellate courts often *reverse* trial courts for having admitted gang affiliations. See, e.g., United States v. Irvin, 87 F.3d 860, 865-66 (7th Cir. 1996) (reversing conviction in which gang affiliations were admitted and stating "[t]here is therefore always the possibility that a jury will attach a propensity for committing crimes to [parties] who are affiliated with gangs or that a jury's negative feelings toward gangs will influence its verdict."; see also United States v. Ross, 149 Fed. Appx. 670 (9th Cir. 2005); United States v. Elkins, 70 F.3d 81, 84 (10th Cir. 1995); Ex parte Thomas, 625 So. 2d 1156, 1157-58 (Ala. S. Ct. 1993) (conviction reversed because witness identified defendant as gang member); People v. Cardenas, 31 Cal. 3d 897, 903-04 (Cal. S. Ct. 1982) (proof that criminal defendant and witnesses were friends "had already been amply established by other testimony before the prosecutor began his inquiries into the witnesses' gang

affiliations"); <u>People v. Maestas</u>, 20 Cal. App. 4th 1482, 1495 (Cal. App. Ct. 1993) (abuse of discretion to admit gang affiliation to show bias because "when other evidence has established such a 'relationship' then common membership evidence is cumulative and, if prejudicial, inadmissible"); <u>see also</u> <u>Spivey v. Rocha</u>, 194 F.3d 971, 978 (9th Cir. 1999) (trial court properly excluded evidence of witnesses' gang affiliations because their friendship was enough to show bias).

Additionally, the basic premise of bias evidence is that it demonstrates a bias *at the time of testimony*: "'Bias' is a state of mind, and only those demands which can influence mind at the moment of testifying are relevant to demonstration of bias." <u>Austin v. United States</u>, 418 F.3d 456, 459-60 (D.C. Cir. 1969). In this case, Defendants seek to introduce evidence of *former* gang affiliations to show bias today. Past gang affiliation is even less probative than the present affiliations that the above-cited courts deemed inadmissible.

Finally, the bias that Defendants hope to show can be captured without raising the inflammatory topic of gang affiliation. As other courts have held, where a bias can be shown by describing a friendship or other association, gang affiliations are inadmissible. <u>See</u>, <u>e.g.</u>, <u>United States v. Gaines</u>, 8 Fed. Appx. 635, 639-40 (9th Cir. 2001); <u>Spivey</u>, 194 F.3d at 978; <u>Cardenas</u>, 31 Cal. 3d at 903-04; <u>Maestas</u>, 20 Cal. App. 4th at 1495.

Just as this Court did on April 29, several courts in this district have excluded evidence of gang affiliation because of the prejudicial effect of that evidence. See, e.g., Charles v. Cotter, 867 F. Supp. 648, 657-58 (N.D. Ill. 1994); Finley v. Lindsay, 1999 WL 608706, *1-*2 (N.D. Ill. Aug 5, 1999); Lopez v. City of Chicago, 2005 WL 563212, *5 (N.D. Ill. March 8, 2005); United States v. Davis, 2001 WL 1195729, *2 (N.D. Ill. Oct. 9, 2001); Brown v. Joswiak, 2004 WL 407001, *1 (N.D. Ill. Feb. 24, 2004). This Court's decision to keep Defendants from introducing gang affiliations rests on solid ground.

II.     **The Evidence of Gang Affiliations Would Not Show Bias or Motive**

The evidence of gang affiliations in this case would not establish bias or motive, in any event.

As a threshold matter, neither the Plaintiff nor any of the witnesses testifying favorably to Plaintiff have been gang members for many years. Plaintiff left the Spanish Cobras before he was released from prison in 2002. See B. Richardson Dep. 19:17-20:16 (attached as Exhibit A). Sam Perez left the Spanish Cobras in 1991 – he had been a member of a different section of the Spanish Cobras than Plaintiff. See S. Perez Dep. 7:1-5, 25:11-18 (attached as Exhibit B). Edwin Gomez left the Latin Eagles in 1993 or 1994. See E. Gomez Dep. 5:9, 8:13-15 (attached as Exhibit C). And Sal Ortiz left the Latin Eagles around 1998. See S. Ortiz Dep. 12:18-20 (attached as Exhibit D).

4

Also, the witnesses in 1989 and 1991 who identified Plaintiff as a murderer were members of the same larger gang organization as Plaintiff. Plaintiff and Mr. Perez were both members of the Spanish Cobras, albeit different sections. See J. Johnson Dep. 58:14-19 (attached as Exhibit E); S. Perez Dep. 6:15-19. Mr. Gomez, Mr. Ortiz, Juan Michele Delgado, Armando Mendez, and Guillermo Vazquez were all members of the Latin Eagles. E. Gomez Dep. 7:16-20, 24:7-26:20; S. Ortiz Dep. 11:22-12:2. The evidence of gang affiliations would show that Plaintiff was forced to wear beads identifying him as a Spanish Cobra when he was placed in a lineup in 1989. J. Johnson Dep. 164:4-24. The Spanish Cobras and Latin Eagles were not rival gangs; rather, they were allied gangs that were each part of Folks Nation. S. Perez Dep. 8:4-12; S. Ortiz Dep. 23:23-24:23.

RESPECTFULLY SUBMITTED,


   /s/ Daniel Twetten   
Attorney for Plaintiff


Arthur Loevy
Jon Loevy
Daniel Twetten
Elizabeth Mazur
LOEVY & LOEVY
312 N. May Street, Suite 100
Chicago, Illinois 60607
(312) 243-5900

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 W. Jackson Blvd, Suite 950
Chicago, Illinois 60604
(312) 362-0000

Daniel J. Stohr
222 North LaSalle Street
Suite 200
Chicago, Illinois 60601
(312) 726-1180

## Certificate of Service

I, Elizabeth Mazur, certify that on June 17, 2009, I caused the foregoing to be served via the Court's ECF System on all counsel and parties who have appeared in this matter.

/s/ Elizabeth Mazur