

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JUAN JOHNSON, )
)
      Plaintiff, )
)
      vs. )   No. 05 C 1042
)
REYNALDO GUEVARA, and the CITY )   Judge John F. Grady
OF CHICAGO, )
)
      Defendants. )

## FINDING AND DIRECTION PURSUANT TO RULE 54(b)

This case involves claims against defendants City of Chicago and former police officer

Reynaldo Guevara, alleging constitutional violations pursuant to 42 U.S.C. § 1983 and state law.

Plaintiff alleges that Defendant Guevara deliberately withheld exculpatory evidence and provided

false evidence, thereby misleading and misdirecting the state criminal prosecution of the plaintiff

in violation of his due process rights. He further alleges state law claims for malicious

prosecution and intentional infliction of emotional distress against Defendant Guevara. Plaintiff

brings a claim under *Monell v. Department of Social Services of the City of New York*, 436 U.S.

658 (1978), against the City alleging that certain policies and practices of the City caused the

alleged constitutional violation. The *Monell* claim against the City was bifurcated from the

claims against Defendant Guevara and trial on the *Monell* claim was stayed pending resolution of

those claims.

Trial was held on plaintiff's case against Defendant Guevara from June 8th, 2009 through

June 22, 2009, which completed with jury verdicts in favor of plaintiff and against Defendant

Guevara on all three claims, and the assessment of $21,000,000.00 in compensatory damages and

$15,000.00 in punitive damages against Defendant Guevara. Pursuant to those verdicts,

judgment is being entered on this date in favor of Plaintiff Johnson and against Defendant

Guevara. The Defendants intend to appeal that judgment, and both sides are desirous of

obtaining a timely resolution of the issues involved in the proposed appeal. However, the

pendency of the remaining *Monell* claim against Defendant City would prevent a final judgment

as to all claims and all parties, and as a result, no appeal can occur at this time, unless this court

makes the necessary finding and direction pursuant to Rule 54 (b) of the Federal Rules of Civil

Procedure.

Under the facts of this case, there is no just reason for delay of the appeal. The parties

previously agreed to bifurcate discovery regarding plaintiff's *Monell* claim and the court granted

defendants' motion to bifurcate the trial of that claim on the basis of judicial economy. If

plaintiff had failed to establish a constitutional violation and thus as a matter of law was unable

to prove any *Monell* violation, bifurcation would have avoided potentially unnecessary protracted

discovery, substantial litigation costs, and a trial on the *Monell* claim. *See City of Los Angeles v.*

*Heller*, 475 U.S. 796, 799 (1986). Likewise, if defendants prevail on their appeal of the

judgment against Defendant Guevara, litigation of plaintiff's Monell claim may become

unnecessary. Accordingly, judicial economy will be served by an interlocutory appeal at this

time.

Additionally, both the City and Defendant Guevara admitted that Guevara was acting

within the scope of his employment at all relevant times. As a result, the City has both a

statutory and a contractual obligation to indemnify Defendant Guevara for any compensatory

judgment against him. Plaintiff is not guaranteed recovery of fees if he chooses to proceed with

his *Monell* claim.  As a result, the court finds that an appellate resolution of the certified claims will facilitate resolution of the *Monell* claim short of discovery and trial on that claim.

Finally, the equities in the case favor entry of final judgment.  This case has been pending since 2005 and alleges that plaintiff was wrongfully convicted and incarcerated in 1991 for a murder that occurred in 1989.  If the jury's verdict is legally sound, judgment should be collected as soon as practicable.

Accordingly, pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure and in order to advance the interests of sound judicial administration and justice to the litigants, the court determines that there is no just reason to delay entry of judgment in favor of Plaintiff Juan Johnson, or to delay appeal from that judgment, and directs the entry of a final judgment in favor of the Plaintiff JUAN JOHNSON and against defendant REYNALDO GUEVARA.

Dated: June 24, 2009

John F. Grady, United States District Judge

3